CHARLES C. SPINK, Respondent, v. C. A. MUELLER et al., Appellants.

St. Louis Court of Appeals, November 29, 1898.

1. **Contract:** BREACH OF CONTRACT: CERTIFICATE OF ACCEPTANCE OF WORK BY ARCHITECT, EFFECT OF. A building contract provided that a house should be built according to certain drawings and specifications, and the work "to be done to the satisfaction of the architect" who should give a certificate to that effect. The alleged breach of the contract was that defendants failed to use a certain kind of varnish or wood finish as they agreed to do in contract, but substituted therefor a cheaper and inferior varnish; *held*, that the certificate of acceptance of the architect was not conclusive as to latent defects.

2. ———: ———: ———: INSTRUCTION: EVIDENCE. And that an instruction based on the theory that the certificate of the architect accepting the work was conclusive was properly refused by the trial court, when the evidence tended to prove that the architect was absent while the varnishing was being done, and when the evidence tended to prove further that the use of the cheaper or inferior varnish could not be detected when put on, but would only be developed by time.

3. **Contract:** CONSTRUCTION OF: NOTICE. Under the contract, in the case at bar, the clause relating to notice therein provided, clearly refers to the time when the work is in progress, and not after its completion.

4. ———: ———: MEASURE OF DAMAGES. Unquestionably, in the case at bar, the measure of plaintiff's damages is the sum which he necessarily expended to make the varnishing of the wood work of his house conform to the contract, whether such sum be more or less than the sum for which the defendants contracted to do the work.

5. **Pleading.** Facts not pleaded can not be made the basis of relief.

6. _____: SET-OFF: COUNTERCLAIM: DAMAGES. No set-off or counter-claim was pleaded by the defendants in the case at bar nor did they offer any evidence to support either, and their attempt to graft it upon the petition must fail; it is not an element in the measure of plaintiff's damages and can not take root in the petition.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED; Judge BIGGS dissenting.

LOOMIS C. JOHNSON and A. STEINWINDER, JR., for respondent.

It was not necessary for the plaintiff to notify the contractors of his intention to have his house revarnished, because of defect in varnishing, before proceeding to do so. Under the terms of the contract, and also by the rules of the common law, no payment by plaintiff could be taken to mean an acceptance of work in which latent defects existed. Van Buskirk v. Murden, 22 Ill. 446; Smith v. Brady, 17 N. Y. 173. Nor could occupation or use of premises be construed as an acceptance of such defective work; whether or not defects were waived was a question of fact for trial court to decide on the evidence before it. Smith v. Brady, *supra;* Vanderbilt v. Iron Works, 25 Wend. 665; Dinsmore v. County, 60 Mo. 241–245. The appellants can not set up here for the first time a claim on a *quantum meruit* for the price of varnish, et cetera, actually furnished. This claim should have been set up in the lower court at the trial of the cause. It not having been done, this court can not take cognizance of the exception. Rogers v. Gage, 59 Mo. App. 107; Connelly v. Society, 43 Mo. App. 283; St. Louis v. Sieferer, 111 Mo. 662. The burden of proof to show reasonable value of work which was done was on the defendants. Leeds v. Little, 42 Minn. 415; Heckman

v. Pinckney, 81 N. Y. 211. In any event defendant to have recovered on a *quantum meruit* would have had to show that the work which·he did was a substantial compliance with the terms of the contract. Ashley v. Henahan, 47 N. E. Rep. 573–575; Smith v. Brady, *supra*. The measure of damages is the reasonable value for doing work done by Spink, or the cost of performing the work necessary to put him in the position he would have occupied had the appellants properly performed their contract. The appellants, for willfully doing work or using materials other than as provided by the contract, could recover nothing, unless they could prove an acceptance of the work or a waiver of the defects. Hillvards v. Crabtree, 11 Tex. 268; May v. Menton, 31 N. Y. Sup. 659; Glacius v. Black, 50 N. Y. 145–152, cases cited; Smith v. Brady, 17 N. Y. 184, et seq., and cases cited. Where it is possible, a contract should not be construed so as to give one of the parties to it an unfair advantage over the other. A rational and harmonious effect should be given to all of its parts. The intention of the parties, to be learned by their conduct, taken in conjunction with the provisions of the contract must govern. McManus v. Fair, etc., Co., 60 Mo. App. 216; Brewing Co. v. Waterworks Co., 34 Mo. App. 49; Shickle v. Chouteaw, etc., Co., 10 Mo. App. 241; Ellerbe v. Barney, 119 Mo. 632; McCulloch v. Haines, 111 Mo. 445; Ice Co. v. Heinze, 102 Mo. 245. The findings of facts of lower court, supported as they are by testimony, will not be disturbed by this court.

FISSE & KORTJOHN for appellant.

Under the terms of the contract, 'the plaintiff had no right to have the house revarnished without first notifying the defendants, Mueller Brothers. Mansfield

v. Beard, 82 N. Y. 60; Clause 12 of contract. The final certificate of the architect was by the terms of the contract made conclusive against any claim of the plaintiff. Clause 14 of contract; Waite on Engineering and Architectural Jurisprudence, sec. 467, and authorities cited under notes 1 and 2; Neeman v. Donoghue, 50 Mo. 493; Dinsmore v. Livingston Co., 60 Mo. 241; Chapman v. Railroad, 114 Mo. 542; Howard Co. v. Baker, 119 Mo. 397; Williams v. Railroad, 112 Mo. 463; Eldridge v. Fuhr, 59 Mo. App. 44. The conduct of the plaintiff after he took possession of the house constituted a waiver of any defective work. Even if the plaintiff was entitled to recover, his measure of damages could only be the difference between the value of the work that ought to have been done and the work that was done. Freeman v. Aylor, 62 Mo. App. 613; Halpin Mfg. Co. v. School District, 54 Mo. App. 373; Thompson v. Allsman, 7 Mo. 530; Eyerman v. Mount Sinai Cemetery Ass'n, 61 Mo. 489; Muller v. Gillick, 66 Mo. App. 500.

BIGGS, J.—The defendants C. A. and Frank C. Mueller, contracted with plaintiff to build for him a house. The contract provided that the house should be built according to certain drawings and specifications, and the work to be done "to the satisfaction of Alfred M. Baker, architect." Paragraph twelve (12) of the contract reads: "Should the contractors at any time refuse or neglect to supply a sufficiency of properly skilled workmen, or of materials of the proper quality, or fail in any respect to prosecute the work with promptness and diligence, or fail in the performance of any of the agreements on their part herein contained, such refusal or failure being certified by the architect. the owner shall be at liberty, after three days written notice to the contractors to provide any

such labor or materials, and to deduct the cost thereof from any money then due or thereafter to become due to the contractors under this contract," etc. In the fourteenth paragraph of the contract this further provision is found: "It is further mutually agreed between the parties hereto that no certificate given or payment made under this contract, except the final certificate (of the architect) or final payment, shall be conclusive evidence of the performance of the contract, either wholly or in part, against any claim of the owner, and no payment shall be construed to be an acceptance of any defective work." The specifications provide "all interior work to receive a good coat of filler, and when dry same to be sand-papered down perfectly smooth, etc., * * * then apply two coats of Murphy Bros.' Transparent Interior Wood Finish, outside doors to receive Murphy Bros.' Transparent Exterior Wood Finish." For the faithful performance of this contract C. A. and F. C. Mueller executed the bond here sued on. The alleged breach is that Muellers failed to use Murphy Brothers Interior and Exterior Wood Finish, as they agreed to do, but substituted therefor a cheaper and inferior varnish. The plaintiff averred that in the year 1896 he was compelled to have the interior woodwork and the exterior doors of the house scraped, sand-papered and revarnished at a cost of $384.51, for which he asked judgment.

The special defenses were, *First:* That the house was completed in 1893 to the satisfaction of Baker, the architect; that he so certified, and that in May, 1893, the plaintiff made final payment in accordance with the certificate of the architect. *Second:* That plaintiff took possession of the house in the spring of 1893, and that prior to the institution of this suit, to wit, in 1897, the Muellers had no notice or knowledge that any claim was

DEFENSE.

being made by plaintiff that the work had not been properly performed.

Upon a trial of the cause before the court a judgment was rendered in favor of the plaintiff for $357.50. The defendants have appealed and complain of the action of the court in refusing instructions asked by them; that the damages assessed by the court are excessive, and that the evidence was not sufficient to justify the court in awarding substantial damages.

Before we proceed to the discussion of the chief assignments of error we will suggest that there was substantial evidence that the varnish called for in the contract was not used by the contractors; that a cheaper or inferior varnish was substituted; that in 1896 the plaintiff was compelled to have the inside woodwork and the outside doors of the house revarnished; therefore the circuit court properly refused to direct a verdict for the appellants.

The appellants complain of the refusal of the court to give the following instruction: "The court declares the law to be, that under the provisions of paragraph 14 of the contract between the plaintiff and the defendants, C. A. and Frank Mueller, the final certificate and final payment of A. M. Baker, the architect employed by plaintiff, are conclusive evidence of the performance of the said contract against any claim of the owner. Therefore, if the court finds from the evidence that A. M. Baker, the architect of the plaintiff, did give to the defendants, C. A. and Frank Mueller, the final certificate in evidence, and if, upon the presentation of said final certificate, the plaintiff INSTRUCTION. paid to the defendants, C. A. and Frank Mueller, the final payment due on account of the said contract, then plaintiff can not recover, unless the evidence further shows fraud or collusion between the architect and the said defendants, Charles

A. and Frank Mueller." It is insisted that as to the proper performance of the work the plaintiff is concluded by the final certificate of his contract, unless it appears that there was fraud or collusion between the architect and the contractors. This is the idea conveyed in the foregoing instruction. The contention is unquestionably correct as to visible defects in the work, but not so as to latent defects. The supreme court of Illinois discussed this question in the case of VanBuskirk v. Murden, 22 Ill. 446. In that case the circuit court instructed the jury as follows: "The jury are instructed by the court that an acceptance of the work, without objection and in satisfaction of the contract by the plaintiff, was a waiver in law of all defects that may have been in the plastering of plaintiff's house, unless it has been shown that fraud and circumvention was used by defendant to induce the plaintiff to accept the same." Commenting on this instruction the supreme court said: "Everyone can see that this is too broad altogether, and well calculated to do great injustice, and is not the law. Had the court restricted it to visible defects it would have been well. It is monstrous to say, in reference to plasterer's work, that all defects are waived when such work is accepted without objection and in satisfaction of the contract— all visible defects, or such as could be ascertained by inspection and examination, would be waived, but how can the employer tell by looking at a smooth coat of plastering, everything fair to the eye, whether the lathing had been done properly, or the mortar well made with due proportions of lime, sand and hair, to give it adhesion, hardness and durability. No man can tell, and therefore it is that the party should not be bound by an acceptance, or acceptance considered as a waiver of latent defects, which too often lurk in

plastering, which to the eye appears very fine and unexceptionable."

So in the case of Glacius v. Black, 50 N. Y. 152, the defendant relied on an acceptance by the architect. In discussing the question the court of appeals said: "But if the acceptance had been unqualified and a certificate given without knowing the facts concerning which a subsequent examination showed he was mistaken, the acceptance and certificate would have had no binding force. Fraud or mistake vitiates the certificate in those cases where a certificate is otherwise conclusive."

In the case at bar the evidence tended to prove that the architect was absent while the varnishing was being done, and the evidence tended to prove further that the use of the cheaper or inferior varnish could not be detected when it was put on, but EVIDENCE. would only be developed by time. This being the proof we are of the opinion that the court did right in refusing the instruction in the form in which it was asked.

The defendants make the further contention that under paragraph 12 of the contract above quoted, they are not liable if the plaintiff failed to give the Muellers notice of the alleged breach of the contract, thus affording them an opportunity to remedy the defect in the work. They asked an instruction to that effect, which the court refused. That clause of the contract and the notice therein provided clearly refer to the time when the work is in progress, and not after its completion. As to defects in the work which are subsequently discovered, the plaintiff was under no obligation to inform the Muellers. When the entire paragraph is read and considered no other construction of it is possible.

The court failed to instruct as to the measure of damages. The only testimony in the case from which the damage could be reckoned, was that it was reasonably worth from $340 to $388 to scrape off the old varnish and replace it with the kind of varnish specified in the contract. On this branch of the case the contention of appellants is that there was no competent evidence whatever as to the damage sustained by the plaintiff, and if the plaintiff was entitled to recover at all, it could only be nominal damages. As to this question my associates and I disagree. The following is a statement of their views:

"Unquestionably the measure of plaintiff's damages is the sum which he necessarily expended to make the varnishing of the wood work of his house to conform to the contract, whether such sum be more or less than the sum for which the defendants contracted to do the work. Wright v. Sanderson, 20 Mo. App. 534; Haysler v. Owen, 61 Mo. 270; Hirt v. Hahn, 61 Mo. 496; 1 Sutherland on Damages [2 Ed.], p. 192, sec. 91; 2 Sedgwick on Damages, sec. 617. The evidence was that the refilling and revarnishing of the wood work to make it conform to the contract was reasonably worth from $340 to $388; the finding of the court that plaintiff was damaged in the sum of $357, is therefore not without evidence to support it. But it is contended that from the sum which plaintiff necessarily expended to make the work conform to the contract should be deducted the actual value to plaintiff of the work which defendants did perform, and of which plaintiff had the benefit, and that the balance thus ascertained furnishes the measure of plaintiff's damages. Conceding for the sake of the argument that such a reduction of plaintiff's damages might have been made in this case, the right was one which belonged to the defendants to be

*Measure of damages.*

asserted by way of counterclaim set forth in their answer. Sec. 2049, R. S. 1889; Northrup v. The Mississippi Valley Ins. Co., 47 Mo. 435; Kersey v. Garton, 77 Mo. 645; 3 Sedgwick on Damages, sec. 1040; 1 Sutherland on Damages, sec. 170. Facts not pleaded can not be made the basis of relief. Newham v. Kenton, 79 Mo. 382. No set-off or counterclaim was pleaded by the defendants, nor did they offer any evidence to support either, and their attempt to graft it on the petition must fail; it is not an element in the measure of plaintiff's damages and can not take root in the petition."

I can not give my consent to the foregoing discussion. I think that the true measure of plaintiff's damages is the difference in value between the work as done and as it ought to have been done. It must be kept in mind that we are dealing with a building contract, and the law as applicable only to such contracts must be considered. I do not for a moment question the correctness of the rule stated in Haysler v. Owen, 61 Mo. 207, but I do say it has no application in this case. In that case Judge Hough said: "When the building has been completed, but differs in plan of construction or in materials employed from that which the builder contracted to erect, and this is the only element of damage, and there has been no waiver, the true rule for estimating the damages sustained by the owner, whether the action be for the contract price or for the value of the labor and materials, is to ascertain what it will cost to make the building conform to what the builder contracted it should be." The gist of the rule as stated is, that the owner of a building has a right to stipulate for certain materials, and it is the business of the builder to comply with the stipulation. If he disregards it, the owner may, in ordinary cases, remove the work and have it done according to contract, and the builder must answer to

him for its reasonable cost. But to avail himself of this remedy the owner must act seasonably,—that is, when notified of the defective work, he must proceed .forthwith to remedy it. When he does the expenditures therefor will be considered as direct damages resulting from the violation of the contract. In such a case the builder can not complain that he gets nothing for the work that he did do and is made to pay the cost of. the new work, for his liability is to be attributed solely to his own folly. But if the work is used with knowledge of the defect but without waiver, or if after acceptance a latent defect is discovered and the owner continues to use the work, the damages to which he will be entitled must be regarded as consequential, that is damages consequent upon a condition caused by the failure to perform the contract. In such a case the Kansas City Court of Appeals held in Wright v. Sanderson, 20 Mo. App. 534, that the owner's damage would be the difference between the value of· the work as done and as it should have been done. This is an equitable rule and no other ought to prevail, because it would be unreasonable and monstrous to allow the owner, after knowledge of the defective work, to use it so long as it served any good purpose and then compel the builder to pay him for entirely new work. This .equitable rule is recognized by the supreme court in the case of March v. Richards, 20 Mo. 99. There the contract was for pressed brick, and the plaintiff, who was the builder, used stock brick. After the completion of the house the defendant owner occupied it. The action was to recover for the brick at contract price. As to the amount of the recovery the court said, that the jury ought to have been instructed "that in fixing the damages sustained by the defendant, they should take into consideration the price of the work as declared by the contract, and

then determine if the work when done in pursuance to the contract is worth that sum, what it is worth done as it is." In the case at bar the petition fails to aver when the plaintiff first learned of the defect in the work. It merely states that in the fall of 1896 (about three and one half years after the work was completed) the plaintiff had the old varnish removed and the new put on. Neither did the evidence show when the fraud was discovered. The extent of the proof was that at the time the varnish was removed it was so rotten that it would crumble when touched. Under this condition of the pleadings and proof, I think it clear that plaintiff's damages (if any) are consequential in their character, and it is equally clear that the evidence adduced did not find sufficient data from which a finding for such damages could be reckoned. Connoble v. Clark, 38 Mo. App. 476; Stewart v. Patton, 65 Mo. App. 21. Under these authorities the plaintiff was entitled to nominal damages only.

In my opinion the judgment is wrong and ought to be reversed, but under the views expressed by Judges BLAND and BOND, it must be affirmed. It is so ordered.