SHEPARD'S CHEMICAL COMPANY v. A. D. O'BRIEN.

(Filed 26 May, 1917.)

1. **Contracts—Buildings—Architects—Final Certificate—Conclusiveness.**

Where a final certificate of the architect has been given, which by express terms of the contract is made conclusive that the building has been completed in accordance therewith, it is not afterwards open to the architect or the builder to withdraw it or to question or impeach it as to observable defects, or those which were or could have been discovered by the architect in the proper performance of his duties, except in cases of fraud or mistake so palpable as to indicate bad faith or gross neglect.

2. **Same—Agreements—Fraud—Evidence.**

Where it appears that the owner of the building and his contractor have agreed that the former would pay the latter the balance due upon his contract upon the latter making certain alterations, an objection is untenable that the certificate was given the contractor by the architect without examination, before the building was completed, and that it was fraudulent in law.

3. **Contracts — Buildings — Architects — Certificates — Guarantee — Interpretation.**

Where a builder's contract provides that the architect's final certificate shall be conclusive that the contractor had complied with the terms thereof, with a guarantee clause that he make good all defects, etc., in violation of his contract, arising or discovered in his work at any time within two years, and no certificate shall be construed to relieve the contractor from his obligation to make good such defects: *Held,* construing the contract as a whole, the guarantee clause refers to defects appearing after the completion of the building, which were not observable at the time the final certificate was given.

**4. Appeal and Error—Motions—Diminution of Record—Pleadings—Evidence.**

> Pleadings in an action certified to the Supreme Court following a suggestion of the diminution of the record therein can have no force when the position they are designed to present is entirely without supporting evidence.

CIVIL ACTION, tried before *Connor, J.*, and a jury, at November Term, 1916, of NEW HANOVER.

From a perusal of the record it appears that in January, 1914, defendant had entered into a contract to construct for plaintiff company a reinforced concrete building in the city of Wilmington according to certain plans and specifications, "Said work to be done in good, substantial, workmanlike manner to the satisfaction and under the direction of James F. Gause, Jr., architect," etc.; that at the completion of said building, or soon after it had been turned over to and was occupied by the owner, some differences having theretofore existed between the parties, plaintiff company instituted a suit against defendants in the Superior Court of New Hanover County, seeking to recover damages in the sum of $2,000 by reason of alleged wrongful delay in completing building and of defective construction, etc.

There was denial of liability by defendant and insistence upon full performance of contract on his part, and claimed a balance due defendant thereon of $604.50, less $401 thereof being for work done within the specifications of the contract and $203.50 being for extra work done by authority of the architect and for which the owner was bound.

Meantime defendant instituted against plaintiff company an action in the recorder's court of the city of Wilmington to recover this balance, and plaintiff aswered, denying liability and alleging the above stated breaches of contract on part of defendant. In the latter action, judgment having been entered for plaintiff O'Brien, here defendant, an appeal was taken by the company, and in the Superior Court the two actions were consolidated and submitted to the jury, who, at the term of court heretofore stated, rendered their verdict as follows:

1. Did the architect, James F. Gause, Jr., give to A. D. O'Brien a final certificate 13 July, 1914, as required by the contract? Answer: "Yes."

2. If so, was the said certificate obtained by the false and fraudulent representations of the said A. D. O'Brien? Answer: "Yes."

3. Did A. D. O'Brien fail to construct the building in accordace with the contract and specifications, as alleged by the Shepard's Chemical Company? Answer: "Yes."

4. Did the parties enter into a contract by letters that on the performance of certain specific work the Shepard's Chemical Company, Inc., was to pay A. D. O'Brien the balance of the money which he claimed to be due upon the contract, and for extras? Answer: "Yes."

5. If the subsequent agreement was entered into, did A. D. O'Brien comply with the terms of that agreement, and did the architect give a final certificate of 15 April, 1915, to that effect? Answer: "Yes."

6. Was this certificate produced by the false and fraudulent representations of the said A. D. O'Brien? Answer: "No."

7. What amount, if anything, is the Shepard's Chemical Company, Inc., entitled to recover from A. D. O'Brien for breach of his contract for delay in construction of the building? Answer: "Nothing."

8. What amount, if anything, is the Shepard's Chemical Company, Inc., entitled to recover from A. D. O'Brien for damages for breach of contract? Answer: "Nothing."

9. What amount, if anything, is A. D. O'Brien entitled to recover from the Shepard's Chemical Company, Inc.? Answer: "$401, and interest from 14 August, 1914; $203.50, and interest from 15 April, 1915."

Judgment on the verdict for defendant O'Brien, and plaintiff excepted and appealed.

*McClammy & Burgwin and Kenan & Wright for appellant Chemical Company.*

*Rountree & Davis for appellee O'Brien.*

HOKE, J. We have carefully considered the case presented in the record and are of opinion that no reversible error has been made to appear. The agreement, in several places, makes the final certificate of the architect conclusive as to a completion of the building in accordance with the contract; and this certificate having been fully and formally given, the authorities are that it was not afterwards open to the architect or the builder to withdraw it nor to question or impeach it as to observable defects or those which were or could have been discovered by the architect in the proper performance of his duties except in case of fraud or mistake so palpable as to indicate bad faith or gross neglect. *McDonald v. McCutchin,* 154 N. C., 122; *Chicago, etc. R. R. v. Price,* 138 U. S., 185; *Kihlberg v. U. S.,* 97 U. S., 398; *R. R. v. Lumber Co.,* 95 Tenn., 538; *Gerisch v. Herold,* 81 N. J. L., 171; *Choctaw, etc. v. Newton,* 140 Fed., 225; *Flannery v. Sahagran,* 134 N. Y., 85; *Spink v. Mueller,* 77 Mo. App., 85; 9 Cor. Jur., pp. 767-778; Wait Engineering and Architectural Jurisprudence, sec. 445.

This being the recognized position, there is doubt if the pleadings contain anywhere allegations sufficiently definite to justify submitting the issue of fraud to the jury. *Mottu v. Davis,* 151 N. C., 238. Of a certainty, there was no testimony tending to establish it either on the part of the defendant or the architect, and his Honor was fully justified in charging the jury, as he did, that if they believed the evidence they would answer the second and sixth issues for the defendant.

As we understand and interpret the record and evidence, the defendant, therefore, might well have been allowed to recover on the certificate. The court, however, submitted the further issue, No. 3, admitting all the evidence relevant to the inquiry, and the jury have found that the final certificate of the architect is true in fact and that the building has been completed by defendant according to the terms and specifications of the contract. On this finding it would seem that defendant's recovery should, in any event, be sustained. It is insisted for appellant that the certificate given by the architect is fraudulent in law by reason of the fact that the same was delivered before the building was completed and without any proper examination. The position has been approved when such a certificate had been given under circumstances amounting to a fraud on the rights of the owner, 160 Mich., p. 142; but no such principle can be applied to the facts of the present record, where it appears that the existence of certain minor defects was raised, fully considered, and the final certificate given after consultation with the owner, and with evidence also tending to show that the parties had entered into a further definite agreement on the subject that if the defendant would do certain specified and additional work, looking to a correction of the alleged defects, and for which he denied liability, the plaintiff would pay the balance due on its note given for the building as per contract, and also a claim for other extra work done under the architect's directions and approval; evidence accepted by the jury and established by their verdict on the fourth and fifth issues.

We have not been inadvertent to the guarantee clause of the contract by which the defendant bound himself to correct and make good all defects, etc., in violation of the contract, arising or discovered in his work at any time within two years, etc., and no certificate, final or otherwise, shall be construed to relieve the contractor from his obligation to make good such defects," etc. Construing the contract in its entirety, and considering this stipulation in reference to other clauses in the agreement which makes the architect's decision final, etc., as to the proper completion of the building, and so as to give each its proper significance, the recognized rule of interpretation in such cases, *Gilbert v. Shingle Co.,* 167 N. C., 286, it is clear to our minds that this guarantee clause has reference to defects which appear after the building is completed and which were not in evidence at the time the certificate was given. So construed, the provision in question has no bearing on the facts presented.

The architect has given his certificate that in July, 1914, the building was completed by defendant according to the contract, and the jury, on a separate issue, have found this to be true. There has been no suggestion or evidence tending to show a change in the condition of the

building after that date. All of the defects complained of, if they existed at all, were not only in evidence at that time, but had been the subject of discussion between the parties before the final certificate was given, and, furthermore, had been the subject of a further agreement in adjustment of the respective claims of the parties concerning them.

In no aspect of the evidence, therefore, can the guarantee clause affect the question, and the exceptions based upon it are not, therefore, relevant.

The objection to the rulings of the court on questions of evidence are without material significance, and none of them can be sustained.

There is no error, and the judgment below must be

Affirmed.

Since the opinion in this case was prepared, on suggestion of diminution of the record, there has been certified from the court below additional pleadings by the Chemical Company, which had been duly filed by leave of court, and making full allegations of fraud and misrepresentations on the part of defendant O'Brien. This addition to the record, however, may not be allowed to affect the result, as the case in this respect is disposed of on the ground that there were no facts in evidence to support the allegation.

For the reasons heretofore given, the judgment below must be affirmed.

No error.