260 S.W.2d 314 (1953)
TALBOT-QUEVEREAUX CONST. CO.
v.
TANDY.
No. 28540.
St. Louis Court of Appeals. Missouri.
July 14, 1953.
Rehearing Denied September 11, 1953.
Louis A. Robertson and Oliver F. Erbs, St. Louis, for appellant.
J. L. London, St. Louis, for respondent.
BENNICK, Presiding Judge.
This is an action by the contractor, Talbot-Quevereaux Construction Company, to recover from the owner, Elise B. Tandy, the sum of $3,306 with interest from September 15, 1949, which sum was alleged to be the balance due the contractor for the cost of labor and materials employed in the construction of a building for the owner upon property known as 330 De Mun Avenue in the City of Clayton, Missouri, together with a prayer that said amount, interest, and costs be adjudged a mechanic's lien against the property.
The parties entered into a contract on September 27, 1948, for the erection of the building for the price of $26,667. The contract was supplemented by certain plans and specifications prepared by an achitect, and there was also an escrow agreement providing for payments on account through the escrow agent. Both the construction contract and the escrow agreement required *315 that all workmanship and materials should be of good quality, and that the building should be erected in a first-class, workmanlike manner.
With the addition of certain items to the original contract price, the total charge made for building materials and labor was $27,988.01. Credit to defendant for cash paid and other items amounted to $24,682.01, leaving her indebted to plaintiff contractor, according to its theory, in the sum of $3,306, for which sum it sought judgment against her with a mechanic's lien upon the property.
The difficulty arose over defendant's contention that in many particulars the work had not been done in a first-class, workmanlike manner, but that instead many defective materials and much defective construction had been employed. Not only did defendant deny that there was any amount whatever due plaintiff, but actually she insisted that she had suffered damage in the amount of $8,000, for which sum she sought judgment against plaintiff on a counterclaim. At the opening of the trial, and preliminary to the taking of any testimony, the parties orally agreed that the controversy between them was over the question of whether plaintiff had complied with all the terms of the contract, and in what respect it had not.
After considerable discussion and correspondence between the parties, plaintiff had agreed, in a letter dated November 28, 1949, to correct a great number of specified defects in the premises, but only in the event defendant would deposit the sum of $3,306 with the escrow agent in advance. Defendant refused to accede to this condition, and instead invoked the terms of the contract and escrow agreement, which provided, in effect, that should plaintiff fail to perform any provision of the contract, defendant might, at her option, make good the deficiencies and deduct the cost of the same from the payment then or thereafter due plaintiff.
The case involves the establishment of but the one mechanic's lien, with no question of priority between it and any other lien or encumbrance.
Tried to the court alone without the aid of a jury, the court found in favor of plaintiff on its cause of action for the sum of $1,006, with the same to be a lien against the property, and also found in favor of plaintiff on defendant's counterclaim.
The court found that while an amount of several thousand dollars had been expended by defendant to complete the work, a certain portion of such expenditures had been for items not embraced within the contract for one reason or another, and therefore not subject to be deducted from the contract price. The court found, however, that the sum of $2,300 had reasonably been paid out by defendant to complete the contract in accordance with its terms, which sum, being deducted from $3,306, left defendant indebted to plaintiff in the amount of $1,006, for which sum it awarded judgment to plaintiff with a lien upon the property.
Defendant accepted the court's decision against her both upon plaintiff's cause of action and also upon her counterclaim. The amount she had sought to recover under her counterclaim is consequently no longer in dispute between the parties. However plaintiff, believing that the amount awarded it had been inadequate, filed its motion to have the judgment set aside and a new judgment entered in its favor upon its cause of action for the full amount sued for, or, in the alternative, for a new trial upon its cause of action. In due time the motion was overruled, whereupon plaintiff gave notice of appeal, and by subsequent steps has caused the case to be transferred to this court for our review.
The question on this appeal is therefore simply one of whether plaintiff should have had judgment for the full amount of its claim instead of for the sum of $1,006 for which the court actually gave it judgment. In this connection plaintiff contends that all but two items of its account were admitted to be correct, and that inasmuch as such two items were later shown to have been proper charges, the court had no alternative but to render judgment in its favor for the full amount of $3,306, with the same to be a lien upon the property. One *316 of the items thus referred to was for furnishing and installing three window wells at a cost of $35, and the other for furnishing and installing a drain below the basement floor at a cost of $114. Of course plaintiff is obviously incorrect in its statement that all but two items of the account were admitted to be correct. Instead defendant specifically denied that plaintiff had filed a true account, and pointed out to the court in a pre-trial colloquy between court and counsel that there was a dispute as to whether the work had been properly done, and as to whether the materials had been furnished in accordance with the contract.
Plaintiff's cause of action, as already shown, was for the recovery of the balance claimed to be due on the contract price after the addition of the cost of certain materials designated as extras. The actual defense was one of recoupment, by which defendant sought to defeat plaintiff's claim upon proof of defective performance. Such a defense goes to mitigation or extinguishment of damages, and is available to a defendant in a case such as this, unless, at his election, he sees fit to set up his own damages by way of counterclaim. Brush v. Miller, Mo.App., 208 S.W.2d 816; Lewis v. Oliver, Mo.App., 220 S.W.2d 748. In this case defendant undertook to pursue both remedies simultaneously, but was denied the possibility of a double recovery by the action of the court in limiting her relief to a reduction in the amount awarded to plaintiff.
The transcript in this case comprises a total of 807 pages embraced within three volumes. It would serve no useful purpose, and would in fact extend the opinion beyond all reasonable length, to set out the multitudinous details of the evidence respecting the numerous particulars in which the work and materials were alleged to have been defective. Counsel for the respective parties are fully conversant with all such details; and most if not all of them were specifically referred to in plaintiff's letter on November 28, 1949, in which it recognized the existence of many defects in the building, and agreed to correct them upon defendant's deposit of the balance of $3,306 with the escrow agent.
In the case of substantial but defective performance, where the contractor sues for the contract price and the owner defends by way of recoupment, the owner, upon proof of defective performance, is entitled to have the contractor's recovery reduced by the amount that would reasonably be required to remedy the defects and make the structure conform to the plans and specifications. Spink v. Mueller, 77 Mo. App. 85; Walter v. Huggins, 164 Mo.App. 69, 148 S.W. 148. Of course the owner, in making his repairs, is not permitted to charge the contractor with the cost of materials more expensive, or to have the building placed in a better condition, than what was called for in the contract between them.
Whether any of the work was defective, and what expenditure would reasonably have been required to make the work conform to the contract, were all questions of fact for the trier of the facts, which, in this case, was the court itself. While it is true that we consider the case anew and reach our own conclusions on the facts, we must nevertheless have due regard for the favorable position of the trial court to determine the credibility of the witnesses, and must not assume to set aside its judgment unless the same is clearly erroneous. Section 510.310, subd. 4 RSMo 1949, V.A.M.S.; Fitzgerald v. Schaefer, Mo.App., 216 S.W.2d 939.
In her answer defendant alleged that it had been necessary for her to pay out the sum of $3,691.57 to correct the improper workmanship supplied and to replace the defective materials used. Receipted bills were introduced in evidence which showed an even greater expenditure than that which had been alleged. The court observed that when the dispute arose, there was an unfortunate lack of forbearance on the part of both plaintiff and defendant; and that in defendant's undertaking to correct the defects which plaintiff had only been willing to correct in the event defendant would deposit the balance of $3,306 in advance, the work ultimately done was in some instances more elaborate than what had been required under the terms of the contract. The court took care of this, however, by limiting defendant's recoupment to *317 the sum of $2,300 instead of giving her credit for the full amount she had expended; and in making such disposition of the case its decision was fully supported by the record. We have already referred to the statutory injunction that in cases tried upon the facts without a jury, the judgment shall not be set aside unless clearly erroneous, which this was not.
In her brief defendant has asked that we assess a penalty against plaintiff upon the ground of vexatious appeal. Such request is to be denied, as is also defendant's motion, which has been taken with the case, that the appeal be dismissed upon the ground of plaintiff's noncompliance with Rule 1.08.
It follows that the judgment of the circuit court should be affirmed, and it is so ordered.
ANDERSON, J., and DEW, Special Judge, concur.