

# The Attorney General of Texas

December 29, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable William R. Moore
Tom Green County Attorney
Courthouse
San Angelo, Texas 76901

Opinion No. MW-288

Re: Constitutionality of the charitable tax exemption statute (section 11.18 of the Property Tax Code) and related questions

Dear Mr. Moore:

You have raised questions concerning the applicability of section 11.18 of the Property Tax Code to facilities of a non-profit corporation, Baptist Memorials Geriatric Center, including a geriatric hospital, a retirement village, and a hotel.

Section 11.18 of the Property Tax Code, which became effective January 1, 1980, establishes new criteria for determining whether property owners are eligible for charitable tax exemptions. Acts 1979, 66th Leg., ch. 841, at 2217. Included are criteria based on: (1) organizational purposes; (2) mode of operation; and (3) dedication of assets. Prop. Tax Code §11.18 (c)(1), (c)(2), (c)(3). Property owned by an organization can qualify for an exemption only if the organization meets these criteria. Prop. Tax Code §11.18(a).

Specifically, you ask:

(1) Is section 11.18 unconstitutional?

(2) Can the retirement village be separated from the rest of the facilities for purposes of determining ad valorem tax status?

(3) What part, if any, of the center is exempt from ad valorem taxes?

We first address the constitutional issue. Article VIII, section 2(a) of the Constitution of Texas provides, in pertinent part:

... [T]he legislature may, by general laws, exempt from taxation. ... all buildings used exclusively and owned by. ... institutions of purely public charity; and all laws exempting property from taxation other than

the property mentioned in this Section shall be null and void. (Emphasis added).

The legislature may not allow charitable tax exemptions for property not owned by institutions of "purely public charity." Dickison v. Woodmen of the World Life Ins. Society, 280 S.W. 2d 315 (Tex. Civ. App. - San Antonio 1955, writ ref'd.). However, although section 11.18 does not employ the familiar phrase "institutions of purely public charity" to describe organizations whose property is eligible for tax exemption, its failure to do so is not fatal. The "purely public charity" constitutional limitation is a part of section 11.18 by implication; the express statutory requirements constitute additional limitations. See City of Amarillo v. Amarillo Lodge No. 731, A.F. & A.M., 488 S.W. 2d 69 (Tex. 1972), where the supreme court, in assuming that this constitutional limitation was by implication a part of the statute there involved, found the statute unconstitutional as applied rather than unconstitutional on its face.

The law is well-settled that the Constitution of Texas allows the legislature to exempt property of charitable institutions from taxation in certain cases, but does not compel it. See Tex. Const. art. VIII, §2(a). In our opinion, the definition of "charitable functions" in section 11.18(c)(1) clearly serves not to enlarge the meaning of "purely public charity," but to deny tax exemptions to property owned by institutions of purely public charity that are not organized to perform the charitable functions defined. Where section 11.18 has the effect of denying tax exemptions to organizations that might otherwise have been properly allowed them, it will be enforced. See Hilltop Village, Inc. v. Kerrville Ind. School District, 426 S.W. 2d 943 (Tex. 1968). Where it is used to bestow tax exemptions on property that does not meet the "purely public charity" test, it will be held unconstitutional as applied. City of Amarillo v. Amarillo Lodge, supra. We thus conclude that section 11.18 is constitutional on its face.

In Hilltop Village, the court noted that the activity of providing facilities to meet special residential requirements of the aged might qualify an institution for tax exemption as one of purely public charity, but only where it also qualified under the statutory definition of such institutions for tax exemption purposes. Because the controlling statute then (former article 7150, section 7, V.T.C.S.) restricted exemptions to property of institutions dispensing aid "without regard to the poverty or riches of the recipient," a requirement the claimant failed to meet, the exemption was denied. 426 S.W. 2d at 948. See also City of Waco v. Texas Retired Teacher Residence Corporation. 464 S.W. 2d 346 (Tex. 1971). Accordingly, if the property of the center is to be accorded a charitable exemption, it must first be exempt under section 11.18. Because we conclude that this corporation does not qualify as a "charitable organization" under section 11.18, we need not further consider whether it is an institution of "purely public charity" under the constitution.

"Charitable organizations" must be "organized exclusively to perform. . . one or more of the [listed] charitable functions." Prop. Tax Code §11.18(c)(1). (Emphasis added). Although the additional requirement that they be engaged exclusively in performing such functions is qualified to the extent that the incidental performance of non-charitable functions will not result in loss of the exemption, there is no similar

exception to the requirement that a charitable organization be "organized exclusively to perform [such functions]." (Emphasis added).

The statutory requirement of exclusivity cannot be ignored. In Satterlee v. Gulf Coast Waste Disposal Authority, 576 S.W. 2d 773 (Tex. 1978), the supreme court considered a statutory tax exemption of all property "belonging exclusively" to the state or a political subdivision. In denying an exemption because property was not exclusively (though substantially) owned by a public entity, the court equated the word "exclusively" with the terms "only" and "to the exclusion of all others." The statutory condition of exclusivity was strictly contrued against the claimant. 576 S.W. 2d at 777.

Based on the facts supplied us, the Baptist Memorials Geriatric Center is clearly not a charitable organization within the restricted meaning of section 11.18. According to its corporate charter (article 2), which is not significantly modified or supplemented by bylaw provisions, the objectives and purposes of the Center are:

> ... to engage in religious, missionary, benevolent, eleemosy-
> nary and scientific undertakings which may be authorized by the
> Baptist General Convention of Texas, or the Executive Board
> thereof.

It is readily apparent that the declared corporate purposes of the Center are much broader than the statutorily defined charitable functions that eligible charitable institutions must be organized exclusively to perform. Section 11.18(c) does not include religious functions or scientific functions in its statutory list of "charitable functions." Although the corporate charter may be amended to cure the problem in subsequent years, the tax status of the corporation for this year is determined by its qualifications on January 1, 1980. Prop. Tax Code §11.42. Accordingly, no part of the property owned by the corporation is tax-exempt under section 11.18, nor under any other provision that we have found.

We have not overlooked City of McAllen v. Evangelical Lutheran Good Samaritan Society, 530 S.W. 2d 806 (Tex. 1975), wherein the supreme court, in considering a claim for a tax exemption under former article 7150, section 7, stated that although charitable institutions are entitled to an exemption of only that property which is used by the institution exclusively for purely public charity, it does not follow:

> that every use of the property must be gratuitous. . . . Nor does
> it follow that all religious or other benevolent activities must
> be excluded in the operation of the hospital or home. It is no
> fatal defect to join charitable and religious purposes; the
> exemption will not be withdrawn so long as the charitable
> requirements are met. (Emphasis added).

530 S.W. 2d at 810-11. The key is the emphasized language "so long as the charitable requirements are met." Former article 7150, section 7, V.T.C.S., did not require that

the institution claiming an exemption be organized <u>exclusively</u> for certain charitable purposes and no other. The present statute does.

For a charitable exemption to apply, both the constitutional and statutory requirements must be met. Under section 11.18 of the Property Tax Code, the charitable requirements are not met by an institution organized to perform any functions other than those charitable functions the statute sets out. In view of our conclusions, separate consideration of the retirement village property is unnecessary.

### S U M M A R Y

Section 11.18 of the Property Tax Code governing charitable tax exemptions is constitutional. To be eligible for the exemption, property must be owned by an institution of purely public charity that is organized exclusively to perform certain charitable functions defined by the statute. The Baptist Memorials Geriatric Center does not satisfy this test; accordingly, its property is not eligible for a tax exemption.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Jon Bible and Bruce Youngblood
Assistant Attorneys General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Acting Chairman
Jon Bible
Rick Gilpin
C. Robert Heath
Myra McDaniel
Bruce Youngblood