VIC KOEPKE EXCAVATING &
GRADING COMPANY, a
corporation, Respondent,

v.

KODNER DEVELOPMENT COMPANY,
a corporation, Appellant.

No. 60106.

Supreme Court of Missouri,
En Banc.

Sept. 12, 1978.

Rehearing Denied Oct. 10, 1978.

Alan G. Kimbrell, St. Louis, Stanley J. Goodkin, Clayton, for appellant.

Stefan J. Glynias, Clayton, for respondent.

SEILER, Judge.

We ordered this case transferred from the court of appeals, St. Louis district, largely to resolve a conflict in the case law over whether the issue of workmanlike performance is an indispensable component of

plaintiff's verdict-directing instruction in an action on a contract.

Defendant is a general contractor. Plaintiff is a dirt-moving subcontractor. The parties had worked together on construction projects since 1960 or 1961. The present controversy centers on construction work done between 1970 and 1972 on Big Bend Woods subdivision.

Plaintiff sued in four counts for recovery of balance plus interest allegedly due for dirt-moving operations and various other construction tasks. An additional count sought recovery of the balance on a promissory note. Defendant denied the allegations of each count of the petition and as to each count asserted that:

"7. For further answer and defense . . . plaintiff improperly performed grading and filling operations as a direct and proximate result of which defendant was caused to expend $15,277.26. Said amount should be set off against any amounts to which plaintiff is entitled."[1]

Trial before a jury resulted in verdicts for plaintiff on all five counts in the amounts sought, a total of $21,729.65, subject to a set off of $2,612.00 on defendant's claim.[2] Defendant appeals on a variety of grounds from the jury verdicts on all counts and challenges the amount of the set off as grossly inadequate and against the weight of the evidence.

Count I of plaintiff's petition sought $5,361.36 plus interest as the balance due on a promissory note executed by defendant to plaintiff in January of 1971.

By count II and count V of its petition, plaintiff sought recovery of balances due plus interest for grading, cutting and filling operations performed on specified lots of plat 2–B and plat 1, respectively, of the subdivision. According to written contracts of the parties, plaintiff was to be paid a specified amount per lot for a specified number of lots. The contracts provided that "[a]ll work [was] to be completed in a workmanlike manner according to standard practices. . . . ."

Counts III and IV of plaintiff's petition sought balances due plus interest for grading equipment and labor furnished on plats 3 and 4 by plaintiff at the special instance and request of defendant for which services defendant agreed to pay an amount based on an hourly charge as set forth in a pleaded schedule.

As said, as the basis for a set off against plaintiff's recovery, defendant asserted in its answer to each count that the work was done improperly and as a result defendant was forced to expend additional sums to correct the errors.

Defendant seeks reversal of plaintiff's verdicts on counts II and V, alleging error in verdict director instructions submitted by plaintiff. Plaintiff's witness testified that all grading, cutting and filling on the specified lots had been completed. Plaintiff's ledger accounts and invoices showing the balances allegedly due were introduced. Plaintiff's verdict directors on both counts were essentially identical and provided that:

"INSTRUCTION NO. 3

"Your verdict must be for plaintiff on plaintiff's claim for damages in Count II if you believe:

"First, that the defendant did not pay the plaintiff, and

"Second, because of such failure defendant's contract obligations were not substantially performed, and

1. Altogether plaintiff had billed defendant $225,177.22 for work on the subdivision and had received payments totalling $207,786.36 prior to suit.

2. The record shows that after deliberating not quite three hours the jury sent the judge a note to the effect that they had agreed on the amount for the back charges for the defendant and asked if they could deduct it from count III, that the deduct was less than the plaintiff's claim and that they were in doubt on which count to deduct a back charge. The court, after consultation with counsel, sent a note to the jury that they were to determine the total of the back charges, show that total at the bottom of the memo, and the court would deduct the total from the sum of the verdicts on all five counts. This is what was ultimately done.

"Third, plaintiff was thereby damaged,

"Unless you believe that plaintiff is not entitled to recover, or should be limited to a lesser recovery by reason of Instruction No. 7."

Defendant's verdict director on its set off was as follows:

"INSTRUCTION NO. 7

"If your verdict is for plaintiff under Instruction Nos. 2, 3, 4, 5, and 6, or any of them, then you must determine whether plaintiff failed to complete all work in a workmanlike manner according to standard practices and whether, as a direct result of such failure, if any, defendant was damaged.

"If you believe:

"First, plaintiff failed to complete all work in a workmanlike manner according to standard practices, and

"Second, as a direct result thereof, defendant was damaged, then you must deduct the amount of such damage from plaintiff's damage. In the event such damages is equal to or exceeds plaintiff's damage, your verdict must be for defendant."

■ Defendant attacks plaintiff's instruction on two grounds. First, defendant asserts that plaintiff's instructions should have specifically required the jury to find whether plaintiff performed at all. We, however, agree with plaintiff that there was sufficient evidence of performance derived from both plaintiff's oral testimony and defendant's testimony to remove the issue of performance from consideration by the jury. *See* Missouri Approved Jury Instructions, XLIX (2d ed. 1969); *Bender v. Colt Industries, Inc.,* 517 S.W.2d 705, 709 (Mo.App.1974).

■ As the second ground, defendant asserts that instructions 3 and 6 were prejudicially erroneous by virtue of their failure to require the jury specifically to find that plaintiff performed its obligation in a workmanlike manner. The court of appeals reversed and remanded on this ground, pointing out that in *Baerveldt & Honig Construction Company v. Szombathy,* 365 Mo. 845, 289 S.W.2d 116, 120 (1956), we found a similar contention persuasive and held that:

". . . (in the absence of affirmative evidence by defendant conceding that nondefective materials were used and conceding that such materials were applied in a workmanlike manner and in the absence of defendants otherwise eliminating those issues), plaintiff would need to include as essential findings prerequisite to recovery that plaintiff complied with the implied provisions of its contract, viz., that the contract was performed and that the performance thereof was accomplished in a workmanlike manner. . ."

Plaintiff, in response, contends the court of appeals action is in conflict with the *Baerveldt* case and also with an earlier opinion of the court of appeals, *Brush v. Miller,* 208 S.W.2d 816 (Mo.App.1948).[3] Plaintiff argues that its instruction No. 3 included a specific reference to instruction 7 which hypothesized the missing element. At first blush this may appear correct, but closer examination shows it is not. Under instructions 3 and 7, the jury could first find for plaintiff as to the contract price without any consideration of the quality of the performance and then consider any evidence of defective performance as the basis only for deductions from the contract price. The result could be a damage award far different from an award made were the jury properly to recognize that plaintiff is only entitled to recovery of any portion of the contract price if plaintiff is able to persuade the jury that its performance was workmanlike. The omission of any numbered paragraph in plaintiff's verdict directing instruction requiring the jury to determine whether plaintiff performed in a workmanlike manner requires reversal of plaintiff's verdict and judgment on counts II and V.

---

**3.** The opinion was by the St. Louis Court of Appeals, as it was known at that time, now the St. Louis district, court of appeals.

*Brush v. Miller, supra,* was action upon a contract to recover the agreed price for labor performed and materials furnished in redecorating defendant's residence, where defendant pleaded only a general denial, but sought to introduce evidence that the services were rendered in an unskillful and unworkmanlike manner. The court held that defendant could not show the work was done in an unworkmanlike manner unless he pleaded such defense, 208 S.W.2d at 821, but earlier in the opinion there is language indicating that where the defense is merely a general denial plaintiff need only prove the fact of performance and is not required also to prove performance in a good and workmanlike manner. This is not correct. Plaintiff as a part of its case in an action on a building or construction contract has the burden of proving that the building was constructed in a good workmanlike manner. *Honig Construction Company v. Szombathy,* 345 S.W.2d 111, 115 (Mo.1961); *Baerveldt & Honig Construction Company v. Szombathy,* 365 Mo. 845, 289 S.W.2d 116, 120 (1956). To the extent that *Brush v. Miller* holds otherwise, it is no longer to be followed.[4]

Our decision does not change the burden of proof in contract actions. The burden of proof is on the plaintiff with respect to compliance with the contract provision of workmanlike performance. Plaintiff logically is the one in the best position to prove his performance was up to standard. As to defendant's set off or recoupment for unworkmanlike performance or

his counter-claim in that respect, the burden is on defendant to prove the same. Logically he is the one in the best position to prove that what he received was of poor quality and workmanship. He is the one who uses and observes the work after plaintiff has finished with it.

Defendant makes several attacks on the treatment in the trial court of plaintiff's counts III and IV, the counts involving work done on an hourly pay basis. One contention is that the plaintiff pleaded an express contract and not an action on account and, therefore, use of MAI 26.03, the verdict director for an action on account, constituted a fatal variance between proof and instruction. Defendant claims that the action was one on an express contract because plaintiff pleaded "that defendant agreed to pay the plaintiff for its services an amount based on an hourly charge for all grading equipment furnished by the plaintiff necessary to perform the grading work requested by the defendant" according to a certain schedule of hourly rates. Therefore, continues defendant, plaintiff is claiming under an express contract, because the "price to be paid for work performed is ascertained by a method of measurement specified by the contract", citing *Haughton Elevator Company v. C. Rallo Contracting Co.,* 395 S.W.2d 238, 246 (Mo.App.1965), but the court erroneously instructed as though counts III and IV were actions on account.

4. Where plaintiff must and does submit to the jury a finding of performance in a workmanlike manner, the question may arise as to a converse instruction, inasmuch as rule 70.01(f) provides for a defendant's verdict upon finding the converse of any essential fact or element essential to a verdict for the plaintiff. Suppose plaintiff performed almost all the work in a workmanlike manner, but failed to do so as to a minor part. Is defendant entitled to a converse that the verdict must be for defendant if the jury does not believe plaintiff performed the work called for by the contract in a workmanlike manner? "Although there is some early authority in support of the rule that a party must strictly or literally perform the stipulations on his part before the other party is obligated to perform . . . the courts now state that

substantial, and not exact, performance accompanied by good faith is all the law requires in the case of any contract to enable a party to recover on it. Although a plaintiff is not absolutely free from fault or omission in every particular, the court will not turn him away if he has in good faith made substantial performance, but will enforce his rights on the one hand, and preserve the rights of the defendant on the other, by permitting a recoupment." 17 Am.Jur.2d Contracts, § 375 p. 818 (1964). *Forsythe v. Starnes,* 554 S.W.2d 100 (Mo.App. 1977); *Talbot-Quevereaux Const. Co. v. Tandy,* 260 S.W.2d 314 (Mo.App.1953). In the example put, therefore, the converse should be directed to the element of substantial, not literal, performance.

It is difficult to say precisely what the nature of the action is as pleaded on counts III and IV. Counts II and V, the counts pertaining to the grading to be done on specified lots at $335.00 and $350.00 per lot, refer to written contracts. These contracts, in evidence, all contained clauses that certain work, such as regrading, excavation of rock, excavation for retaining walls, pulling trucks and other items, was to be done "on a time basis." Counts III and IV, the claims for furnishing equipment for grading work, allege that "defendant agreed to pay the plaintiff for its services an amount based on an hourly charge for all grading equipment furnished by the plaintiff necessary to perform the grading work requested by the defendant on the aforesaid subdivision according to . . . [a] schedule", which was then set forth in the petition. The schedule states hourly rates for various equipment and equipment operators over a period of two years. The rates were first set for the period through May 1, 1971; then higher rates through May 2, 1972 and then still higher rates after May 3, 1972. The work in Count III was alleged to have been done between October 12, 1970 and September 10, 1971 and in Count IV between March 4, 1971 and May 31, 1972. Thus, rates for all three periods are involved.

So while counts III and IV do not allege any contractual terms as to the amount of work to be done or the time or length of performance, said counts do identify one specific item on which the parties are alleged to have agreed and that is the hourly rate at which the services are to be charged and paid for.

The views of the parties at the time of trial were stated at the conference in chambers with the court upon defendant's motion for directed verdict on counts III and IV. Counsel for defendant argued that there was a lack of evidence showing any specific amount due and owing and that with regard to the hourly work there was no showing that the charges were reasonable. The court inquired of counsel for plaintiff as to what evidence there was that the charges were reasonable. Plaintiff's counsel did not think there was any such evidence but responded further that the situation between the parties "was an agreed-upon arrangement . . . as we pleaded" and that "we didn't say we were seeking the reasonable value of this in our pleadings." The court said that if plaintiff were not submitting on quantum meruit it would seem there would have to be evidence as to what rates were agreed upon. Counsel responded there was evidence that defendant was sent a copy of the plaintiff's hourly rate charge which "came out in May of each year." The testimony referred to was from plaintiff's side that plaintiff had an hourly charge for its equipment, that in May of each year plaintiff would send out the proposed hourly rate for the following year and one was sent to defendant, "to the best of my knowledge", said plaintiff's superintendent.

The court overruled defendant's motion to dismiss.

Counts III and IV were submitted to the jury under slight modifications of MAI 26.-03, which is the MAI instruction for an action on account. The verdict director for count III was as follows:

"INSTRUCTION NO. 4

"Your verdict must be for plaintiff on Count III if you believe:

"First, at defendant's request plaintiff furnished to defendant certain excavating and grading services between the dates of October 12, 1970 and September 10, 1971, and

"Second, of the plaintiff's total charges for said work the outstanding balance owed to plaintiff for such excavating and grading services is $3,071.35, and

"Third, plaintiff's charges were reasonable,

"Unless you believe plaintiff is not entitled to recover or should be limited to a lesser recovery by reason of Instruction No. 7."

The verdict director for count IV, instruction 5, was essentially the same.

■ The fatal error in instruction Nos. 4 and 5 is that they call on the jury to find that the plaintiff's charges were reasonable and thereby disregard the real issue of whether the charges were in accord with the agreed upon rates. If the parties agreed to payment for the services according to a predetermined schedule of hourly rates, then the maximum recovery would be the agreed amount. But under instructions 4 and 5, the jury had only to find the services were furnished, that the outstanding balance was a certain amount, and that the charges were reasonable. The instruction authorized an award based upon a method of measurement different from the one agreed upon. What charges were reasonable is not material when the charges have been agreed upon. *Haughton Elevator Company v. C. Rallo Contracting Co., supra,* at 246.[5] Counts III and IV must be remanded for a new trial.

■ Defendant also complains as to the damage instructions 11 and 12 tendered and used on counts III and IV—MAI 4.04, Damages—Quantum Meruit. The measure of damages stated therein is "the reasonable value of the labor and services furnished with interest." What is said above about submitting reasonable value to the jury under instructions 4 and 5 in this case also applies to instructions 11 and 12, which should be redrafted on retrial.

■ We mentioned at the outset that one of the counts in plaintiff's petition sought recovery of the balance due on a promissory note. The jury awarded such balance. There is no reference in the argument portion of defendant's brief as to the connection between the controversy over the promissory note and the contractural controversies involved in the other counts. Defendant makes no specific allegation of error as to the verdict on count I. We are at a loss as to the basis of defendant's request for relief on count I. The claim is denied. Rule 84.04(d). Judgment on this count should be affirmed.

■ This leaves us with counts II, III, IV and V, as to which the cause must be remanded for a new trial. What should be done about defendant's set off of $2,612.00? In the trial court defendant unsuccessfully moved for a new trial as to its set off. Defendant appealed generally and contends here that the set off award was grossly inadequate and against the weight of the evidence. Plaintiff took no appeal.

We have earlier pointed out the way in which the jury was instructed to handle the set off or back charges (fn. 1). As a result, there is no way to be sure what part of the work the jury found plaintiff failed to complete to defendant's damage although the jury had been instructed, by instruction No. 7, that if the verdict was for plaintiff on all or any of the counts, then as to work which plaintiff failed to complete and by reason of which defendant was damaged, the jury must deduct the amount of such damage from plaintiff's damage. What the jury actually did was to award plaintiff, on each count, the exact amount sued for, plus interest, and then lump defendant's set off damage together in one sum.

The issues between the two sides as to how much one owes and what the other must yield in recoupment or set off are so intermingled with respect to work done in the subdivision that they should be tried together. See *Bramblett v. Harlow,* 75 S.W.2d 626, 633 (Mo.App.1934). In fairness, therefore, we must also reverse and remand with respect to the set off, so that in a new trial the issues will be what plaintiff is entitled to recover on counts II, III, IV and V, which claims total $12,277.40, plus interest, less whatever amounts defendant is entitled to recoup.

The judgment is affirmed as to count I and is reversed and remanded as to all issues with respect to counts II, III, IV and V.

MORGAN, C. J., and BARDGETT, FINCH, DONNELLY and RENDLEN, JJ., concur.

---

**5.** Instructions 4 and 5 are also subject to the objectionable construction that they assume there was an outstanding balance owed of $3,071.35, a disputed issue. On retrial the instruction should be revised to eliminate this assumption.

SIMEONE, J., not participating because not a member of the Court when cause was submitted.