Jack **COTTON,** d/b/a Jack Cotton Construction Company, Plaintiff-Respondent,

v.

**71 HIGHWAY MINI-WAREHOUSE,** a Partnership, Dr. Herbert H. Kaufmann and Dr. Kurt Metzl, Individually and as partners, Defendants-Appellants,

v.

**WHELAN'S, INC.,** Crossclaiming Defendant-Appellant.

**No. WD 31478.**

Missouri Court of Appeals, Western District.

March 30, 1981.

John A. Koepke, Morris, Larson, King, Stamper & Bold, Kansas City, for defendants-appellants.

David R. Schlee, Marian Weilert Sauvey, Smith, Gill, Fisher & Butts, Inc., Kansas City, for crossclaiming defendant-appellant.

John L. Williams, James M. Ramsey, Reed & Ramsey, Kansas City, for plaintiff-respondent.

Before MANFORD, P. J., and DIXON and NUGENT, JJ.

DIXON, Judge.

These appeals result from litigation to enforce mechanic's liens. Jack Cotton, d/b/a Jack Cotton Construction Company, brought suit to enforce his lien as a subcontractor against 71 Highway Mini-Warehouse, a partnership, which owned the building against which the lien was asserted. 71 Highway filed a cross-claim against Stevens & Curry, Inc., the general contractor. Whelan's, Inc., was a lien claimant as a supplier of materials.

The trial court entered a judgment in favor of Cotton against 71 Highway and the individual members of the partnership and imposed a lien on the building owned by 71 Highway. Whelan's also received a judgment against the partnership and the individual partners. 71 Highway received a judgment on an indemnity agreement against Stevens and Curry, Inc., J. Williams Stevens, and Thomas C. Curry. Dr. Herbert Kaufmann and Dr. Kurt Metzl were partners in 71 Highway. Stevens, Curry, and Stevens and Curry, Inc., were the other three of the five partners in 71 Highway.

Drs. Kaufmann and Metzl and the 71 Highway partnership have appealed the judgment against them in favor of Cotton and Whelan's. The lien against the partnership real estate in favor of Cotton is likewise appealed. Whelan's has appealed the denial of its lien on the project and the failure of the trial court to impose prejudgment interest and postjudgment interest at 9 percent. The judgment over, in favor of 71 Highway and against Stevens & Curry, Inc., and Stevens and Curry individually, is not appealed.

Cotton contracted with Stevens and Curry, Inc., this being accomplished in an oral agreement with Thomas C. Curry who was representing the company and the partnership. The agreement was to furnish carpenter labor on a mini-warehouse project. The project was halted by the partnership in early 1978 because of financial difficulties. Other facts essential to the disposition of the issues will be noted as necessary.

The points raised on the appeal of the partnership and the two individual partners are almost frivolous. The first point raised is that the trial court erred in excluding expert testimony as to the value of Cotton's work. Cotton pleaded a contract for an hourly rate and proved the contract, the labor portion of his claim was not in quantum meruit as 71 Highway claims. The partnership, in fact, pleaded the contracts made by Stevens and Curry in the cross-claim against them. The only evidence with respect to the labor portion of the claim is that Cotton agreed to furnish his labor, and the labor of others he would employ, for $12 an hour in 1977 and $15 an hour in 1978. The evidence was that such labor was furnished and that Cotton had paid the employees he furnished. There was no evidence to contradict the existence or terms of the agreement. In the initial agreement, the partnership also agreed to pay for nails ordered in Cotton's name. Other items were furnished by Cotton on some sort of loose arrangement made subsequent to the original agreement. Oil and gas and the use of a tractor were among these items. As to these, proper proof was offered as to reasonable value, and the excluded evidence does not bear on these issues.

The trial court correctly excluded the evidence offered as irrelevant and immaterial. The issue is controlled by *Vic Koepke Excavating and Grading Co. v. Kodner Development Co.*, 571 S.W.2d 253 (Mo. banc 1978), and *Haughton Elevator Co. v. C. Rallo Contracting Co.*, 395 S.W.2d 238 (Mo.App.1965):

> If the parties agreed to payment for the services according to a predetermined schedule of hourly rates, then the maximum recovery would be the agreed amount.... The instruction authorized an award based upon a method of measurement different from the one agreed upon. What charges were reasonable is not material when the charges have been agreed upon.

571 S.W.2d at 259.

It is the general rule that in an action in an express contract where the amount of

compensation is fixed, evidence of the reasonable value of the services rendered under the contract is inadmissible. 395 S.W.2d at 245–46. The cases cited by 71 Highway dealing with quantum meruit issues are inapposite.

71 Highway also asserts that its motion for directed verdict at the close of all the evidence should have been sustained because the lien statement was not introduced in evidence and Cotton did not testify it was a just and true account, nor that he relied upon the lien statute in performing the work.

■ The statutory notice and the lien statement were exhibits attached to Cotton's petition. 71 Highway, by its counsel, stipulated as follows:

"Your Honor, on behalf of the partnership and two doctors, we would stipulate to the ownership that they are proper parties; that in the case of Mr. Cotton, he did personally serve the doctors and partnership with notice of intent to file his lien, and filed his lien thereafter. Of course, the Court makes the determination of whether or not it was properly filed within six months, but I think you can take judicial notice of that."

Cotton testified in detail on each of the matters contained in the lien statement. He did not use the language, "just and true account," and such is unnecessary. The filing of the lien was stipulated, and no question was raised as to its sufficiency.

The claim that there must be proof of reliance is refuted by *Davis Estate v. West Clayton Realty Co.*, 338 Mo. 69, 89 S.W.2d 22 (1935): "It is immaterial whether a lien was reserved, intended, or contemplated if the party who performs work or labor or furnishes material comes within the provisions of the statute." 89 S.W.2d at 26.

71 Highway's final point is that the court erred in entering certain conclusions of law. In a long and involved point, 71 Highway contends that conclusions of law respecting the status of Stevens and Curry, Inc., as a partner in 71 Highway, the authority of Stevens and Curry, Inc., to make the con-

tracts in issue, prices for work charged by Cotton, reliance by Cotton upon the mechanic's lien statute and the proof of the elements of a lien are all in error because not supported by the evidence.

■ On the question of partnership, it is sufficient to say that 71 Highway, in its pleading to Whelan's amended cross-claim, admitted that Stevens and Curry, Inc., was a corporation existing under the laws of the State of Kansas and was a partner in 71 Highway Mini-Warehouse. 71 Highway, in its pleading against Stevens and Curry, also pleaded the authority of Stevens and Curry, Inc., to make the contracts in question which disposes of the argument with respect to the agency of Stevens and Curry. Insofar as the claim under this point attacks the prices charged, the reliance of the plaintiff Cotton, and compliance with the lien statute, these are but a reiteration of the claims made on the motion for directed verdict, and what has been said disposes of those points. The contention of 71 Highway under this portion of its claim of error is totally without merit.

On the appeal of Whelan's, two points are raised. Whelan's claims that the trial court erred in failing to enforce its mechanic's lien because of Whelan's delay in filing the lien. It is the essence of Whelan's contention that the roof trusses which were the subject of its claimed lien were not finally incorporated into the building until many months after the abandonment of the work in February, 1978. The premise for this is that although the roof trusses were on the job and apparently were in place, the interruption of the work caused the trusses to be damaged and dislodged from their position on the walls of the building. When the project was recommenced many months later, the trusses were repaired and replaced in their proper position. Thus, Whelan's argues, the final incorporation did not occur until the latter reinstallation of the trusses.

■ There is substantial evidence to support the trial court's finding that the materials were incorporated in the building in February of 1978. The subsequent repair of the trusses and resetting them in place in

the building did not revive the mechanic's lien of Whelan's.

Whelan's also asserts the contract continued in effect and was a continuing contract for supplying roof trusses until its abandonment, which they assert occurred in September of 1978. This argument depends upon Whelan's interpretation of the facts before the trial court, and certainly there was substantial evidence upon which the trial court could have found that Whelan's contract was abandoned when the work was suspended in February of 1978. The judgment of the trial court denying the lien of Whelan's should be affirmed.

Whelan's also raises an issue concerning the award of interest on the judgment it received against the partnership and the individual partners. This claim is in two parts. The first claim concerns postjudgment interest, and the second, prejudgment interest.

Section 408.040 RSMo Supp.1980 was effective on the date of the entry of this judgment and provides for interest at 9 percent upon judgments. The judgment entered in favor of Whelan's should, in accordance with the statute, bear interest at the rate of 9 percent from and after the date of its entry, rather than the 6 percent rate awarded by the trial court. The imposition of any interest from the date of judgment until payment is fixed and determined by the statute, and no declaration of the trial court can affect the rate. *Leggett v. Missouri State Life Insurance Company*, 342 S.W.2d 833, 931–32 (Mo. banc 1960).

The trial court did not give Whelan's any interest prior to the date of judgment. The effective date of § 408.020 RSMo Supp. 1980, the prejudgment interest statute, was September 28, 1979. The record demonstrates that Whelan's claim was not a liquidated claim because there was a dispute as to the number of trusses that were actually delivered. However, Whelan's did file its mechanic's lien statement on November 8, 1978, which would have constituted a demand for payment. Whelan's would be entitled to prejudgment interest at the statutory rate from the date of demand until judgment if it succeeded in establishing its claim under the demand. That is the case here. Whelan's is, therefore, entitled to prejudgment interest from November 8, 1978 until September 28, 1979 at the rate of 6 percent, and thereafter until the date of judgment at the rate of 9 percent. *State ex rel. Utility, etc. v. Public Service*, 602 S.W.2d 852 (Mo.App.1980).

Cotton did not appeal from the trial court judgment, and the trial court allowed Cotton prejudgment interest at the rate of 6 percent from February 15, 1978. Cotton, not having appealed, will not receive the benefit of the change in the interest rate from September 29, 1979 to the date of judgment.

The judgment of the trial court is affirmed in all respects except for the calculation of interest on Whelan's claim, and the cause is remanded to the trial court with directions to calculate the interest in accordance with this opinion and enter judgment accordingly.

All concur.