R. J. STEPHENS DRYWALL AND
PAINTING COMPANY, a corpo-
ration, Plaintiff-Appellant,

v.

TAYLOR–MORLEY–SIMON, INC., a
corporation, et al.,
Defendants-Respondents.

No. 43103.

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 19, 1982.

R. W. Jacobsmeyer, Clayton, for plaintiff-appellant.

W. Dudley McCarter, Suelthaus, Krueger, Cunningham Yates & Kaplan, Clayton, for defendants-respondents.

SMITH, Presiding Judge.

Plaintiff appeals from a summary judgment against it on each count of its nine

count petition seeking mechanic's liens. Taylor-Morley-Simon, Inc. was, at the time the materials and labor were supplied, the owner of each parcel of land against which the liens were asserted. Also joined as defendants were subsequent owners and various mortgage holders. Each count was directed against a separate parcel. The aggregate alleged debt is $38,121. The basis of the summary judgment was the failure of plaintiff as an original contractor to serve the statutory "Notice to Owner" mandated by Sec. 429.012 RSMo 1978. We affirm in part and reverse in part.

■ There is no dispute that the statutory notice was not given by plaintiff to Taylor-Morley-Simon, Inc. Such notice is a "condition precedent to the creation, existence or validity of any mechanic's lien in favor of such original contractor." Sec. 429.012, subd. 2. Initially plaintiff attacks the summary judgment on the basis that plaintiff was not an original contractor but instead a subcontractor. Plaintiff's petition alleged that the materials and labor were supplied under contract with Taylor-Morley-Simon, Inc. There is no dispute that the Taylor corporation was the owner at all relevant times. One who makes a contract to perform labor or to supply materials with the then owner of the property is an original contractor. *Home Building Corp. v. Ventura Corp.*, 568 S.W.2d 769 (Mo banc 1978) [1, 2]; *Vasquez v. Village Center, Inc.*, 362 S.W.2d 588 (Mo.1962) [7]. Additionally, plaintiff's petition alleges facts which establish that if it were a subcontractor its lien was untimely filed under Sec. 429.080.

■ Secondly, plaintiff contends the lien law should be liberally construed in favor of those who perform work and provide materials and that technical non-compliance should not defeat the lien. *R. L. Sweet Lumber Co. v. E. L. Lane, Inc.*, 513 S.W.2d 365 (Mo banc 1974) [5]. This argument implies there is something to construe; there is not. The statute requires the notice to owner and makes it a condition precedent to creating the lien. The language is plain and unambiguous and requires no construction. *United Air Lines,*

*Inc. v. State Tax Commission*, 377 S.W.2d 444 (Mo banc 1964) [3–6]. The burden is on plaintiff to show compliance with the statutory prerequisites to create the lien. *Hertel Electric Co., Inc. v. Gabriel*, 292 S.W.2d 95 (Mo.App.1956) [9, 10]. The plaintiff has not made reasonable and substantial compliance with the statute (*see, e.g., Putnam v. Ross*, 46 Mo. 337 (1870)), rather it is in total non-compliance with a mandated condition precedent to the creation of its liens.

■ Thirdly, plaintiff suggests that because of its past relationship with Taylor-Morley-Simon, Inc. there was no prejudice to that owner. Prejudice or harm is not required. "Lack of prejudice to the owner does not relieve plaintiff from being in substantial compliance with the mechanic's lien statutes." *Sentinel Woodtreating, Inc. v. Cascade Development Corp.*, 599 S.W.2d 268 (Mo.App.1980) [10].

■ Finally, plaintiff contends that its petition was based upon quantum meruit and therefore it was not a contractor "under or by virtue of any contract" and was not required to give the notice. Quantum meruit is a theory for determining what is owed, it is not the means of creating the legal relationship which gives rise to the obligation to pay. Sec. 429.010 grants a lien to a person supplying materials or labor "under or by virtue of any contract with the owner ..." or his agent, trustee, contractor or subcontractor." Plaintiff's right to a lien therefore is dependent upon its having supplied materials and labor "under or by virtue" of a contract. It may not rely upon such a contract to assert its lien and deny its existence to avoid giving notice. As a matter of fact it did not deny such a contract, for the petition alleges that the materials and labor supplied were "contracted" for by Taylor-Morley-Simon, Inc.

■ The trial court correctly found as a matter of law that plaintiff had failed to comply with the statutory condition to creation of its liens and properly entered summary judgment holding such liens null and void. However, the summary judgment goes beyond that. It also reaches plaintiff's

allegations of money owed by Taylor-Morley-Simon, Inc. to it and the prayer seeking judgment for the debt owed. A mechanic's lien is simply a method of collecting a debt. The invalidity of the lien does not preclude a judgment for the debt owed. *Hertel Electric Co. v. Gabriel, supra,* [16, 17]; *Hill-Behan Lumber Co. v. Hammer Dry Plate Co.,* 162 S.W.2d 348 (Mo.App.1942) [5, 6]. The absence of notice to the owner invalidates only the lien; it does not extinguish the debt. The court erred in granting the summary judgment as to the allegations of money owed by Taylor-Morley-Simon, Inc. to plaintiff and the prayer seeking judgment for such money.

Judgment declaring the liens null and void is affirmed as to all defendants. Judgment as to Taylor-Morley-Simon, Inc's. indebtedness to plaintiff is reversed and remanded for further proceedings.

SATZ and PUDLOWSKI, JJ., concur.