COLLETTA & SONS, INC., and Cohart Builders, Inc., Appellants,

v.

R.J. STEPHENS DRYWALL AND PAINTING COMPANY, INC., et al., Respondents.

No. 47216.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 10, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 17, 1984.

Application to Transfer Denied
June 19, 1984.

Thomas A. Connelly, St. Louis, for appellants.

Eugene E. Coon, Clayton, for respondents.

SMITH, Judge.

Plaintiffs appeal from money judgments against them on defendant's counterclaim and imposition of mechanic's liens on real estate. The counterclaim sought recovery in multiple counts relating to various parcels of land.

Several of plaintiff's points on appeal relate to the imposition of mechanic's liens. We need deal with only one. Defendant was an original contractor. Sec. 429.012 RSMo 1978 requires every original contrac-

tor to furnish a prescribed notice to the owner of the property. Sub-section 2 of that statute states:

"Compliance with subsection 1 hereof shall be a condition precedent to the creation, existence or validity of any mechanic's lien in favor of such original contractor."

█ No prescribed statutory notice was shown to have been given by defendant to the owners of the property. The burden was upon defendant to establish the prerequisites to its entitlement to a lien and it did not do so. The liens are null and void. *R.J. Stephens Drywall and Painting Company v. Taylor-Morley-Simon, Inc.*, 628 S.W.2d 374 (Mo.App.1982); *Structo Corp. v. Leverage Inv. Enterprises*, 613 S.W.2d 197 (Mo.App.1981). Defendant, relying upon *BCI Corporation v. Charlebois Construction Company* (Mo. App.W.D. Sept. 20, 1983 No. WD 33308), urges us to reexamine our decision in the *R.J. Stephens Drywall and Painting Company* case on the basis that such notice serves no useful purpose where the owner is a knowledgeable and sophisticated developer. The BCI case involved an employee of the owner who was held not to be required to give such notice. That case has been transferred to the Supreme Court for final determination. Aside from its obvious factual dissimilarity to this case, we are not persuaded that the clear, unambiguous, mandatory language of the statute should be disregarded in favor of a factual appraisal in each case of the sophistication of, or prejudice to, the owner as seems to be suggested by BCI. We therefore decline to reexamine our prior decision.

█ Plaintiffs' remaining points relate to the judgment for the debts. It is first contended that pre-judgment interest should not have been awarded because it was not specifically referred to in the counterclaim except in the prayer. All of the facts necessary for an award of prejudgment interest were included in the body of the counterclaim and the prayer requested interest. That is sufficient to authorize an award of such interest under Sec. 408.020 RSMo 1982 Supp. *Haynes v. Allen*, 482 S.W.2d 85 (Mo.App.1972) [6]; *Cotton v. 71*

*Highway Mini-Warehouse,* 614 S.W.2d 304 (Mo.App.1981) [9].

█ Finally, plaintiffs contend that the defendant's recovery was based on quantum meruit and that it failed to establish the reasonableness and necessity of the amounts charged for its services. This contention in turn is based upon plaintiffs' conclusion that because the contracts between the parties were oral the charges are implied as being those which are reasonable and necessary. The evidence clearly reflects express oral contracts with specific charges for defendant's work. Those agreed to charges are the measure of defendant's recovery and no evidence of reasonable value was required nor is even permissible. *Cotton v. 71 Highway Mini-Warehouse, supra,* [2, 3].

Judgment for defendant and against plaintiffs for money recovery pursuant to the contracts is affirmed. The order of the court decreeing liens against real estate for such recovery is reversed. Defendant's motion for dismissal is denied.

GAERTNER, P.J., and STEPHAN, J., concur.