FINANCIAL DESIGN CONSULTANTS, INC., Plaintiff-Respondent,

v.

William C. McCARVER, Defendant-Appellant.

No. 50210.

Missouri Court of Appeals, Eastern District, Division One.

July 15, 1986.

H. Clay Billingsley, St. Louis, for defendant-appellant.

Leo V. Garvin, St. Louis, for plaintiff-respondent.

SMITH, Judge.

Defendant appeals from a default judgment entered imposing mechanics liens against two parcels of property of his, in favor of plaintiff, an original contractor.

Service was obtained by publication. An original default judgment against defendant personally was set aside following a motion challenging personal jurisdiction. An earlier default judgment imposing the liens was also set aside. Defendant, appearing specially to challenge jurisdiction, then filed a motion to dismiss the mechanics lien claims. That motion was based on an absence of subject-matter jurisdiction to impose liens because of plaintiff's failure to allege that the written notice to the owner required by Section 429.012 RSMo 1978, was given. The motion was filed three months prior to the default hearing on the lien claims. Hearing on the default was had on May 1, 1985. Counsel for defendant was physically present but did not "appear" at the hearing. Immediately prior to the hearing the motion to dismiss "was presented to the court on behalf of defendant, William C. McCarver" by his attorney appearing specially for purposes of "attacking the jurisdictional question." On May 14, 1985, the trial court overruled the motion to dismiss and entered the lien judgments. Timely appeal was taken from that judgment.

Plaintiff has not filed a brief in this court, but relies instead upon a motion to dismiss the appeal based upon *Vonsmith v. Vonsmith*, 666 S.W.2d 424 (Mo. banc 1984). In that case the Supreme Court stated:

> "We hold that a default judgment is not appealable in the absence of a motion to set aside or vacate."

No motion to set aside or vacate was filed in the trial court in the case at bar.

■ We do not believe *Vonsmith* is controlling here for two reasons. That case does not delineate whether it is applicable to every default judgment regardless of the issue raised on appeal or whether it excepts from the general rule questions of subject matter jurisdiction or the sufficiency of the petition. The basis of the *Vonsmith* decision is that the trial court must first be given an opportunity to pass on a ground which it may not have previously considered. This is in accord with Sec. 512.160.1 RSMo 1978, which so limits appellate review, except for "questions of jurisdiction of the trial court over the subject matter and questions as to the sufficiency of pleadings to state a claim upon which relief can be granted...." *See, Blackmore v. Blackmore*, 639 S.W.2d 268 (Mo. App.1982). Upon remand of the *Vonsmith* case, this court treated that opinion as including the statutory and *Blackmore* exceptions. Our opinion after remand reversed an award of property to the wife as beyond the subject matter jurisdiction of the court and dismissed the appeal as to the remaining issues. In *Barney v. Suggs*, 688 S.W.2d 356 (Mo. banc 1985) both our *Vonsmith* decision and *Blackmore* were cited without suggestion that they were

contrary to *Vonsmith*. We therefore conclude that *Vonsmith* did not purport to prevent appellate review of a default judgment raising subject matter jurisdiction or insufficiency of the pleadings to state a cause of action where no post-trial motion was filed.

 Additionally, the entire thrust of *Vonsmith* is to give the trial court an opportunity to review the matter in the first instance. Here the trial court had that opportunity. The motion to dismiss for lack of subject matter jurisdiction was before the court at the time of the default hearing and was denied at the same time the judgment was entered. Under the rationale of *Vonsmith* we can see no valid reason for requiring a motion to vacate in order to preserve the matter for review. Plaintiff's motion to dismiss the appeal is denied.

■ The trial court erred in granting the default judgment. Plaintiff's pleading did not allege compliance with Sec. 429.012 and no evidence at the hearing established such compliance. A mechanic's lien is a creature of statute and the party seeking its enforcement must plead and prove the statutory elements before a lien can be granted. *Kenny's Tile & Floor Covering, Inc. v. Curry*, 681 S.W.2d 461 (Mo.App. 1984) [25–28]. While a mechanic's lien can be imposed upon property without a personal judgment against the owner, pursuant to service by publication, Sec. 429.230 RSMo 1978, it cannot be imposed in favor of the original contractor in the absence of the statutory notice to owner required by Sec. 429.012. That notice is a condition precedent to the creation, existence or validity of such lien. *R.J. Stephens Drywall & Painting Co. v. Taylor-Morley-Simon, Inc.*, 628 S.W.2d 374 (Mo.App.1982) [1]; *Structo Corp. v. Leverage Investment Enterprises, Ltd.*, 613 S.W.2d 197 (Mo.App. 1981) [6, 7]. Where the petition and proof fail to establish such notice there is no cause of action alleged or proven and the lien is null and void. *Structo Corp., supra*, [8, 9]; *Colletta & Sons Inc. v. R.J. Stephens Drywall & Painting Co., Inc.*, 670 S.W.2d 114 (Mo.App.1984) [1]. In short the trial court lacks subject matter jurisdiction to impose a lien in the absence of this pleading and proof. It follows that defendant's motion to dismiss should have been sustained. Neither party has addressed the question of whether such dismissal should be with or without leave to amend. The matter is remanded to the trial court for determination of that question.

Judgment of default vacated, cause remanded with directions to sustain defendant's motion to dismiss and for determination of the nature of that dismissal.

CARL R. GAERTNER, P.J., and SNYDER, C.J., concur.