In re NORTH PORT ASSOCIATES, INC., Debtor.

Peter D. KERTH, Trustee, Plaintiff–Appellee,

v.

LAKE OZARK CONSTRUCTION INDUSTRIES, INC., Defendant–Appellant.

Bankruptcy No. 4:97CV1890–DJS.

United States District Court, E.D. Missouri, Eastern Division.

July 24, 1998.

Kurt Brack, Holbrook and Heaven, Merriam, KS, David Harris, Gallop and Johnson, St. Louis, MO, Peter Lumaghi, Office of Trustee, U.S. Department of Justice, St. Louis, MO, Thomas Osborn, Holbrook and Heaven, Merriam, KS, Carol Robinson, U.S. Bankruptcy Court, St. Louis, MO.

### MEMORANDUM OPINION

STOHR, District Judge.

This matter is before the Court on an appeal by defendant Lake Ozark Construction, Inc. ("LOCI") from a final order issued July 9, 1997 by the United States Bankruptcy Court for the Eastern District of Missouri. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 158(a).

The instant case arises out of construction work performed and materials supplied by LOCI for North Port Associates, Inc. ("North Port"), the debtor. North Port was the owner of approximately 60 acres of property along the Lake of the Ozarks and 1,100 acres along the Osage River, both in Miller County, Missouri. In 1988, North Port began development of a residential resort community. Also in 1988, the parties agree that LOCI began providing construction services to North Port in connection with the development. The parties dispute whether materials were provided by LOCI in 1988.

Subsequently, in 1991, LOCI filed a statement of mechanic's lien with the Circuit Clerk of Miller County in the amount of $75,151.20. Thereafter, LOCI continued work on the project. LOCI then filed a petition in Miller County to enforce the mechanic's lien. In 1993, LOCI filed a first supplemental statement of mechanic's lien with the Circuit Clerk of Miller County in the amount of $99,732.96 plus simple interest. LOCI then filed another petition in Miller County, this time to enforce the first supplemental statement of mechanic's lien.

In December of 1993, North Port filed for Chapter 11 bankruptcy. Pursuant to a bankruptcy court order, an auction was held and North Port's property was sold. The instant adversary proceeding was initiated by Peter D. Kerth, trustee for North Port, in an attempt to sort out competing claims to the proceeds of the sale. The Trustee then filed a motion for summary judgment against LOCI alleging that neither of the mechanic's liens filed by LOCI were valid or enforceable. The bankruptcy court found that the liens failed as a matter of law and issued summary judgment in favor of the Trustee on July 9, 1997. The bankruptcy court subsequently denied LOCI's motion for reconsideration. LOCI filed this appeal. On appeal, the Court reviews the bankruptcy court's grant of summary judgment de novo to determine whether the moving party was entitled to judgment as a matter of law. *In re Lauer*, 98 F.3d 378, 382 (8th Cir.1996); citing *In re Euerle Farms, Inc.*, 861 F.2d 1089, 1090 (8th Cir.1988).

The first issue on appeal, as framed by appellant LOCI is:

Whether the Bankruptcy Court erred in finding that Lake Ozark Construction Industries, Inc. failed to give proper statutory notice as required by § 429.012 R.S.Mo.

Appellant's Brief, at v. Concerning a contractor's notice of mechanic's lien, § 429.012 R.S.Mo. provides in pertinent part:

1. Every original contractor ... shall provide to the person with whom the contract is made or to the owner if there is no contract, prior to receiving payment in any form ... (a) either at the time of the

execution of the contract, (b) when the materials are delivered, (c) when the work is commenced, or (d) delivered with first invoice, a written notice which shall include [boiler plate language]. . . .

2. Compliance with subsection 1 of this section shall be a condition precedent to the creation, existence or validity of any mechanic's lien in favor of such original contractor.

"By its unambiguous terms, these sections require all original contractors to provide a specific notice to the person with whom the contract for work is made before suit can be brought." *Gauzy Excavating & Grading Co. v. Kersten Homes, Inc.*, 934 S.W.2d 303, 304 (Mo. banc 1996). Accordingly, "courts have demanded strict compliance with the notice provision and have been reluctant to allow exceptions . . ." *Id.*

The record contains no reference to North Port's first payment to LOCI. The bankruptcy judge found that LOCI's affidavits failed to aver that notice was given to North Port prior to the first payment and therefore, for that reason alone, LOCI failed to rebut the Trustee's allegations that notice was insufficient. *See* July 9, 1997 Order Granting Summary Judgment, 14. LOCI presents two affidavits in support of its contention that it gave North Port the statutorily required notice with the first delivery of materials in the form of a delivery ticket. The affidavits of Robert Kline and David Vanhooser attest:

That the first delivery of materials by LOCI to North Port Associates, Inc. occurred on January 4, 1989.

That delivery ticket No. 14–100026 contains the "notice to owner" notice required by Section 429.012 R.S.Mo.

That delivery ticket No. 14–100026 was delivered to an agent or employee of North Port Associates, Inc. at the time the material was delivered to North Port Associates, Inc.

*See* LOCI's Mem. in Opp. to Trustee's Mtn. for Summary Judgment, Exhs. 1–2. The Trustee argues that the affidavits merely assert legal conclusions without supporting facts and are insufficient to rebut his assertion that notice was not given. The bankruptcy judge noted that the delivery ticket which was alleged to have contained the notice was unsigned by North Port despite a place on the ticket designated for customer signature. Additionally, the bankruptcy judge pointed out inconsistencies between the aforementioned affidavits and both the parties' joint stipulation of facts and the petitions filed by LOCI to enforce the original mechanic's lien and the supplemental mechanic's lien. Specifically, the stipulation and the petitions state that LOCI began performing construction work and providing supplies for the North Port project in December 1988, whereas the affidavits aver that the first delivery of materials occurred on January 4, 1989. The bankruptcy court considered the inconsistency to be material and found that LOCI failed to raise an issue of material fact on whether notice had been given and delivered.

The Court finds that there is insufficient information in the record upon which to support judgment as a matter of law on this issue. Section 429.012 requires that notice must be given prior any payment to the contractor. Here, the Court cannot evaluate whether the notice was properly given, because nothing in the record demonstrates when North Port made its first payment. Accordingly, the Court cannot conclusively determine whether LOCI's alleged notice fails as a matter of law. Additionally, LOCI argues that whether the notice was given is question of fact. *See Sentinel Woodtreating, Inc. v. Cascade Development Corp.*, 599 S.W.2d 268, 271 (Mo.App.1980). Moreover, the fact question is material in the instant case because the giving of notice is a condition precedent to establishing an enforceable mechanic's lien. LOCI contends that the affidavits of Robert Kline and David Vanhooser are sufficient to create a material fact issue on whether notice was timely given, therefore precluding the entry of summary judgment on this ground. The Court agrees. While earlier inconsistencies in the date of the first delivery of materials exist, the Court concludes that the affidavits of Robert Kline and David Vanhooser are sufficient to create a material fact question on the issue of notice which precludes the entry of summary judgment on that basis. Nevertheless, because of

the Court's disposition of LOCI's second issue on appeal, the Court will affirm the entry of summary judgment on other grounds.

■ The second issue on appeal, as framed by LOCI is:

Whether the bankruptcy court erred in finding that Lake Ozark Construction Industries, Inc. failed to sufficiently plead that statutory notice had been given in the pleadings filed in the Circuit Court of Miller County, Missouri.

Appellant's Brief, at v. Again, the Court reviews the bankruptcy court's grant of summary judgment de novo. "A mechanic's lien is a creature of statute ..." *Financial Design Consultants v. McCarver,* 712 S.W.2d 738, 740 (Mo.App.1986). However, in addition to the statutory requirements for a valid mechanic's lien, Missouri case law has imposed an additional requirement. Specifically, the party seeking to enforce a mechanic's lien "must plead and prove the statutory elements before a lien can be granted." *Id.,* citing *Kenny's Tile & Floor Covering Inc. v. Curry,* 681 S.W.2d 461 (Mo.App.1984).

■ The bankruptcy court found that LOCI did not plead sufficient notice under § 429.012 R.S.Mo. in either of its petitions to enforce the mechanic's liens. In LOCI's first petition, the following language appears:

Prior to filing the Lakeside Mechanic's Lien LOCI gave more than ten days notice to NP Associates and Thompson that it would file the lien.

*See* LOCI's Mem. in Opp. to Trustee's Mtn. for Summary Judgment, Exh. 4, ¶ 90. Similar language appears in LOCI's second amended petition in the lawsuit to enforce the supplemental mechanic's lien:

Though it was not required by law to do so, prior to filing the Original Lakeside Mechanic's Lien LOCI gave more than ten days notice to NP Associates and Thompson that it would file the said lien.

*See id.* at Exh. 5, ¶ 24. The bankruptcy judge agreed with the trustee's argument that the notice referred to in the above-quoted language is not the notice required to be given by original contractors pursuant to § 429.012 R.S.Mo., but is instead the ten day notice which is required to be given by sub-

contractors. *See* § 429.100 R.S.Mo. Accordingly, the bankruptcy judge concluded that LOCI's mechanic's liens failed as a matter of law for LOCI's failure to plead § 429.012 notice as required by Missouri case law.

On appeal, LOCI argues that in *McCarver* and *Curry,* the original contractors had failed to plead notice in any form. It is LOCI's contention that the case law only requires that the original contractor plead notice generally in order to satisfy the pleading requirement, and therefore the language contained in its petitions is sufficient. The Court concurs with the findings of the bankruptcy judge that the above allegations are insufficient to plead the type of notice contemplated by § 429.012 R.S.Mo. The *McCarver* and *Curry* cases provide that pleading and proof of notice are conditions precedent to the creation of a valid lien. Here, the allegations that LOCI provided more than ten days notice "though it was not required by law to do so" do not suffice to plead the giving of the notice owed to an owner by an original contractor under § 429.012 R.S.Mo. Accordingly, the Court affirms the bankruptcy court's grant of summary judgment in favor of the Trustee and against LOCI on the ground that LOCI failed to properly plead notice of its liens.

In conclusion, the Court finds that a material fact issue precludes summary judgment on the basis that LOCI failed to give the notice required by § 429.012 R.S.Mo. Nevertheless, the Court affirms the bankruptcy court's grant of summary judgment on the basis that LOCI failed to plead the giving of the required notice in its actions to enforce the mechanic's liens.

## JUDGMENT

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** that the July 9, 1997 order of the bankruptcy court granting summary judgment in favor of the Trustee and against Lake Ozark Construction Industries, Inc. is affirmed.