Marion F. WASINGER; Wasinger, Parham and Morthland, Attorneys at Law, Plaintiffs-Respondents,

v.

LABOR AND INDUSTRIAL RELATIONS COMMISSION, Defendant-Appellant.

No. 49964.

Missouri Court of Appeals, Eastern District, Northern Division.

Dec. 10, 1985.

Catherine J. Barrie, Labor & Ind. Relations Com'n, Jefferson City, for defendant-appellant.

Marion F. Wasinger, Hannibal, pro se.

KAROHL, Judge.

This appeal presents a procedural and jurisdictional thicket as dense as a bramble bush. The Labor and Industrial Relations Commission attempts to appeal a "judgment" of the circuit court entered on March 20, 1985, even though it was not sued and no judgment has been entered against it. We find the Commission was not a proper party to any existing dispute, and is not an aggrieved party within the meaning of § 512.020 RSMo 1978. We find no cognizable dispute existed between the Commission and the plaintiff-respondent attorneys before the circuit court. For that reason, we also find the circuit court judgment merely an advisory opinion and a nullity. We further find the proceeding before the Commission, preceding the circuit court Petition for Review, naming the Commission as defendant, resulted in an "Order of Commission" which is an unauthorized advisory opinion having no binding result and also a nullity.

The Labor and Industrial Relations Commission, the circuit court and this court are without jurisdiction to render advisory opinions. The function of each is to resolve disputes properly presented by real parties in interest with existing adversary positions. We, therefore, hold that this appeal must be dismissed because no dispute existed before the Commission or the circuit court.

Some of the relevant underlying facts leading to this appeal may be found in this court's opinion in *Hagan v. Paris & Osbourne Chevrolet*, 667 S.W.2d 1 (Mo.App. 1984). The Wasinger law firm represented the widow and dependents of Walter J. Hagan, Jr., deceased, in a Workers' Compensation claim for death benefits under Chapter 287, against the deceased's employer and insurer. After a contested hearing claimants were awarded death benefits under the Workers' Compensation Act and their attorneys were allowed a lien on the recovery in the amount of $8,625. § 287.260 RSMo 1978. The award was affirmed by the Commission on February 26, 1982, and subsequently affirmed by the

Circuit Court of Marion County and this court by opinion which became final on April 16, 1984.

When the opinion of this court became final the employer and insurer paid the beneficiaries $35,944.48. The Wasinger firm received $11,734.42, and the beneficiaries the remaining $24,210.06. The payment to the attorneys represented $8,625 ordered by the Commission on December 31, 1980, and $3,107.42 interest at the legal statutory rate to the date of payment on May 17, 1984. The beneficiaries were the widow and two minor children, one of whom, James Walter Hagan, sought relief from the Commission regarding the $3,107.42 interest. The request for relief was made in a letter dated June 24, 1984.

Several observations are necessary. A review of our prior opinion supports the conclusion that the employer and insurer contested all liability under the Workers' Compensation Act on the basis that the decedent was not in the course and scope of employment at the time of death. He worked in Monroe City, Missouri, and was fatally shot on the night of July 17, 1979, in St. Louis, Missouri. There can be no serious dispute that capable counsel was necessary if the claim was to be successful. This is confirmed by the history of the claim before the Commission, the circuit court and on appeal. The Commission recognized the need and value of the attorneys' services by awarding a lump sum lien in the amount of $8,625. The Commission must have found this sum to be fair and reasonable. We find no evidence to the contrary in the Workers' Compensation proceeding. The award complied with the authority granted the Commission by § 287.260 RSMo 1978.

We also note the employer and insurer paid interest on the entire amount of the award. The award makes no mention of interest either for the dependents as claimants or for the attorney who was granted a lien on a part of the award. Approximately one month after the award was paid and distributed, only defendant's son, James Walter Hagan, questioned the interest re-

ceived by the attorneys. The record does not disclose that the widow and dependent daughter joined in the objection or that any objection to the division of the funds was made prior to distribution on May 17, 1984.

After the Workers' Compensation award became final, after distribution of the funds, and after the inquiry of James Walter Hagan, the Wasinger firm filed a "Statement of Fact and Request for Ruling on Attorneys' Fees Pursuant to § 287.260" before the Labor and Industrial Relations Commission. This statement named as parties all three dependents, the employer and the insurer. This request was filed on June 27, 1984, and the Commission thereafter heard argument by the Wasinger firm and James Hagan. The Commission issued an order on August 29, 1984, in relevant part as follows:

> The Commission, after fully considering said motion and hearing oral argument by counsel and dependent claimant James Walter Hagan, finds that the attorney's fee of $8,625.00 awarded to the claimant's attorney by the administrative law judges' award of December 31, 1981 (sic) as affirmed by the Commission's award of February 26, 1982 is in the nature of a lump sum lien on the compensation due the dependent claimants and does not bear interest as compensation within the meaning of Section 287.160 Revised Statutes of Missouri.

The Wasinger firm then filed a petition for review of Commission's order before the Circuit Court of Marion County on September 17, 1984. This petition was styled Wasinger, Plaintiff vs. Labor and Industrial Relations Commission, Defendants.

There is no apparent explanation why the Commission which authored the opinion under attack became a party to the dispute. On March 20, 1985, the circuit court ordered, adjudged and decreed that the attorneys' fee in the sum of $8,625 is not an award of compensation bearing interest under § 287.160, but a sum of money due and payable by the dependents represented by plaintiff at the date of award, and that thereafter judgment of the set amount was entered in the Circuit Court of Marion County which judgment bears interest at the statutory rate. The court further adjudged and decreed that plaintiff attorneys were authorized to collect the debt with interest owed by the dependents; that the amount of interest collected was fair and within the statutory rate, and that the dependents had no claim and were not entitled to recover from the attorneys any of the sums retained as accrued interest. It is from this order the Commission attempts to appeal.

 We find on these facts that the dispute was between James Walter Hagan and the Wasinger firm. However, the sum of interest retained by the attorneys has been paid and no claim has been filed in dispute thereof. A legal dispute or controversy between these parties did not exist when the request for ruling was filed with the Commission. Existence of an actual and vital controversy susceptible of some relief is essential to appellate jurisdiction. *Duffe v. Zych,* 676 S.W.2d 70, 72 (Mo.App. 1984). In addition, the request for ruling merely sought an advisory opinion and the Commission's order was only advisory. It did not order the payment of any sum of money by any of the parties before the Commission to any other party. The purported judgment of the circuit court is subject to the same defect. However, the judgment of the circuit court is defective for the further reason that it proports to adjudicate the rights of the dependents including James Walter Hagan, but they were not parties before the circuit court.

We find nothing in § 287.260 RSMo 1978, that would prevent the Commission from providing an attorneys' lien on a fixed sum which would bear interest until paid. That section authorizes the Commission to determine fees that are fair and reasonable, and resolve disputes at the time of the award or prior to payment. However, we find no authority in that section authorizing the Commission to determine or regulate attorneys' fees after the award and after payment because after payment no existing

actual or vital controversy remains to be decided.

For the reasons set forth, we dismiss the appeal.

DOWD, P.J., and CRIST, J., concur.