**AMERICAN FENCE COMPANY OF the MIDWEST, INC., Appellant,**

v.

**Kathleen Anne SUMMERS, et al., Respondents.**

**No. WD 38173.**

Missouri Court of Appeals,
Western District.

Nov. 12, 1986.

Ezra Eli Borntrager, Kansas City, for appellant.

Alan E. South, Crews, Smart, South, Whitehead, Reaves and Waits, P.C., Kansas City, for respondents Kathleen Anne Summers and Kathleen Anne Summers, Administratrix.

Brian Timothy Meyers, Epstein and Meyers, Kansas City, for respondents GMAC Mortg. Corp. of Iowa and Steve L. Potts, Trustee.

William J. Dittmeier, UAW–GM Legal Services Plan, Kansas City, for respondents Norman Dale Mitchell and Brenda Gay Mitchell.

Emily Jane Dark, Watson, Ess, Marshall & Enggas, Kansas City, for respondents United Missouri Bank of Kansas City, N.A. and Robert I. Donnellan as Trustee Under Deed of Trust.

Before LOWENSTEIN, P.J., and MANFORD and GAITAN, JJ.

LOWENSTEIN, Presiding Judge.

The following opening statement is offered to explain the utter confusion stemming from this suit to enforce a mechanic's lien. The plaintiff (American Fence) supplied fence to property owned by Mr. and Mrs. Summers pursuant to a contract signed by Mr. Summers. Mr. and Mrs. Summers signed a note and deed of trust to the United Missouri Bank to pay the $7600 price. Several other deeds of trust already existed against the land. Mr. Summers died after the work started. Named as defendants were Mrs. Summers, her husband's personal representative, the prior lienholders, and the United Missouri Bank. Mrs. Summers and United Missouri sought and obtained summary judgment for the reason the plaintiff had not complied with the statutory notice requirements of a supplier in order to obtain a mechanic's lien. The trial court's order did, while denying a lien, give the plaintiff American Fence opportunity to refile for other relief.

American Fence appealed the summary judgment offering several reasons why it should be allowed to ask for a mechanic's lien. It was the only party to appeal. American Fence changed lawyers and then at oral argument candidly admitted the judgment denying the lien was correct. Counsel stated his client had not given proper notice and was in violation of the mechanic's lien statute. Mrs. Summers on appeal says the judgment extinguished not only a cause for a mechanic's lien, but operated to dispose of any claim by the plaintiff to obtain a personal judgment against her or the estate based on an action in contract.

The appellant, American Fence filed a petition denominated as an action to "Enforce a Mechanic's Lien." The appellant alleged it supplied $7600 worth of fence to the Summers' home. The petition alleged the fence company had not been paid. Only Mr. Summers signed the contract for the work, her husband died on December 29, 1984. He and his wife signed a note and mortgage to raise the money for the work. The petition alleges the contract was signed in October, 1984 while work was started on November 2, 1984 and completed January 23, 1985, with demand on Mrs. Summers being made on March 5, 1985. The appellant claims to have provided timely notice to the landowner, pursuant to § 429.012 RSMo 1978, on May 15, 1985. American's petition states on January 25, 1985 it filed a lien statement in the appropriate court. It prayed for the $7600 "pursuant to the contract" and for a mechanic's lien on the property.

The respondent United Missouri Bank cross-claimed against Mrs. Summers for the $7600 it had loaned for the home im-

provement loan to the Summers if the appellant's suit were successful.

The trial court initially denied the motions for summary judgment filed by Mrs. Summers and the United Missouri Bank. On reconsideration the court granted the summary judgment for all defendants on the basis the appellant "failed to comply with the requirements of § 429.012, RSMo, rendering its mechanic's lien invalid and unenforceable." The court relied on *R.J. Stephens Drywall and Painting Company v. Taylor-Morley-Simon, Inc.,* 628 S.W.2d 374 (Mo.App.1982) and *Sentinel Woodtreating, Inc. v. Cascade Development Corporation,* 599 S.W.2d 268 (Mo. App.1980).

Summarized, § 429.012 requires an original contractor to provide a written notice to the party contracted with advising them of the possibility of lien claims. This statutory notice, a condition precedent to the creation of a lien for the contractor, is to be given a) at the time of the contract; b) when the materials are delivered; c) when the work is commenced; or d) delivered with the first invoice.

Counsel who argued the case in this court admitted the obvious—statutory notice was not timely given. The date of first invoice, the last to occur of the events required for statutory notice, was on March 5, 1985. On May 15, 1985 the required notice was sent, and as contained in the petition, this followed the January 1985 filing of the mechanic's lien in circuit court. As a matter of law the notice to the owner being untimely the lien could not be created. *Stephens Drywall, supra,* at 375. No genuine issue of fact being present, the summary judgment as to the mechanic's lien was appropriate. *Kaufman v. Bormaster,* 599 S.W.2d 35, 37 (Mo.App.1980).

The appellant then asks this court to render an opinion as to whether the following language from the judgment gives it authority to file against Mrs. Summers, or the other defendants for a personal judgment:

It is therefore ORDERED, ADJUDGED and DECREED that summary judgment be entered in favor of Defendants and against Plaintiff and that Plaintiff's petition to enforce its mechanic's lien be and hereby is DISMISSED at Plaintiff's cost. This ORDER shall not be construed to prejudice Plaintiff from pursuing any other course of action, not inconsistent herewith, to recover the underlying debt, if any, owed to it.

This court declines the request. The appellant having conceded the point of a lien not being available, in essence asks for an advisory opinion on the judgment. Appellate courts will not generally render advisory opinions, *Triplett v. Grundy Electric Cooperative, Inc.,* 389 S.W.2d 401, 408 (Mo. App.1965). With no actual controversy requiring relief, the court will deny the request. *Wasinger v. Labor & Industrial Relations Commission,* 701 S.W.2d 793, 795 (Mo.App.1985).

The judgment is affirmed.

All concur.