In the Interest of T.O., a minor child.

No. 53122.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 15, 1988.

Terry R. Rottler, Genevieve, for appellant.

Clinton B. Roberts, Farmington, for respondent.

Susan Clarissa Guerra, Government Counsel, St. Louis, for appellant.

Ellyn Sternfield, Clayton, for Juvenile Officer.

Ann Lever, Legal Services of Eastern Missouri, St. Louis, for natural mother of T.O.

Jack Cavanagh, Clayton, guardian ad litem for T.O.

CRANDALL, Judge.

This appeal is from the order of the Juvenile Division of the Circuit Court (Juvenile Court) which directed that legal custody of T.O., a minor child, be continued with the Missouri Division of Family Services (DFS) and physical custody of the child be placed with Evangelical Children's Home, subject to supervision by DFS. We dismiss the appeal.

At the hearing below, the juvenile officer, DFS, and the mother of the child, were represented by counsel; the guardian ad litem, also an attorney, was present on T.O.'s behalf and actively participated in the proceeding. DFS alone elected to pursue this appeal. It challenges the authority of the Juvenile Court to order the child's physical placement with a specific treatment provider. DFS argues that it is the sole determiner of the child's placement pursuant to Section 211.182.4, RSMo (1986). That statute provided, in pertinent part:

4. Notwithstanding any other section of chapter 211, the department of social services or any of its divisions having custody of a child shall determine a treatment plan and provide services to the children within their legal custody. The court shall not order any specific treatment plan nor order payment or services to be provided contrary to subdivision (17) of subsection 1 of section 207.020, RSMo. The court may, upon application at any time by the division of family services, relieve the division of family

services of custody, care or supervision of any child for whom the division of family services cannot provide adequate care, treatment or services.[1]

■ We first address the right of DFS to appeal in this case. The right to appeal in a juvenile proceeding is purely statutory. *In Interest of J.L.H.*, 647 S.W.2d 852, 856 (Mo.App.1983). DFS premises its right to appeal on Rule 120.01 and Section 211.261, RSMo (1986) which provides for appeal by the child's custodian only when the appeal is taken "on the part of" the child. DFS argues that it is acting on the part of the juvenile in taking this appeal, "[T]o determine which group home best meets the child's needs."

It is undisputed that T.O. is in need of long-term treatment. It is undisputed that Evangelical Children's Home is an appropriate placement for T.O. in order that he receive such treatment. Clearly, the order of the Juvenile Court serves the best interest of the child. The question then arises, why this appeal?

■ DFS seeks an adjudication that its authority under 211.182 RSMo (1986) over T.O. is superior to that of the Juvenile Court. Since the statute in question has been repealed, an opinion construing it would be advisory in nature and would have no precedential value. *American Fence Co. v. Summers*, 719 S.W.2d 496, 498 (Mo.App.1986); *Wasinger v. Labor & Industrial Relations Commission*, 701 S.W.2d 793, 795 (Mo.App.1985). That reason alone is sufficient to dismiss the appeal.

■ There is a second, more fundamental, reason to dismiss the appeal. Although DFS, as legal custodian, purports to act on the part of the juvenile, DFS's interest in this appeal is not a determination of what is in T.O.'s best interest. *See K.W. v. Missouri Division of Family Ser-*

---

**1.** Section 211.182 has been repealed. The present statute, Section 211.181, RSMo (Supp. 1987), provides in pertinent part:

5. In ordering implementation of a permanency treatment plan, the judge shall not order treatment with a specific provider but may rea-

sonably designate the scope and extent of the services to be provided by the department to the child subject to certification by the director of the division or designee that a provider and/or funds are available.

 

*vices,* 694 S.W.2d 915 (Mo.App.1985). This case involves a dispute between DFS and the Juvenile Court. It is, very simply, an attempt by DFS to restrict the authority of the Juvenile Court. We refuse to use T.O. as a vehicle to resolve that dispute under the pretext that we are acting on behalf of the child.

Appeal dismissed.

SIMON, P.J., and GRIMM, J., concur.

