Harold Dean RITTERBACH, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 15924.

Missouri Court of Appeals, Southern District, Division Two.

May 23, 1989.

Motion for Rehearing or Transfer Denied June 14, 1989.

Kimberly Bonney Landman, Asst. Public Defender, Springfield, for movant-appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

HOGAN, Judge.

A jury found defendant Harold Dean Ritterbach guilty of selling a Schedule I controlled substance (LSD) in violation of § 195.020, RSMo 1978. His punishment was assessed at imprisonment for a term of 30 years. On appeal, the judgment of conviction was affirmed by this court. *State v. Ritterbach*, 637 S.W.2d 820 (Mo. App.1982). On July 1, 1988, Ritterbach (defendant) filed a pro se motion for post-conviction relief, styled a "Motion Under Rule 27.26." The motion alleged defendant was denied the effective assistance of counsel. The State moved to dismiss the motion on grounds which do not concern us here. By order dated August 11, 1988, the motion court advised counsel for both parties that it would dismiss the action on August 26, 1988, unless the defendant demonstrated the court was not barred from doing so under the provisions of present Rule 29.-15(m), Missouri Rules of Court (20th ed. 1989). On August 15, 1988, defendant's counsel moved for an extension of time to amend the motion for postconviction relief. On August 29, 1988, the motion court dis-

missed the motion with prejudice "for the reason that it was not filed on or before June 30, 1988 and is barred." The defendant appeals. We affirm the dismissal on the ground that the defendant was procedurally in default. To be completely clear, our judgment rests upon the state procedural bar imposed by Rule 29.15(m).

Former Rule 27.26, patterned after federal law, was adopted by our Supreme Court in 1952. For reasons the court itself has explained, Rule 27.26 was repealed in 1987 and Rules 24.035 and 29.15, effective January 1, 1988, were enacted to replace Rule 27.26. In promulgating Rule 29.15, which provides a means for challenging a conviction after a trial, our Supreme Court provided a schedule, which in pertinent part reads as follows:

> "(m) Schedule. This Rule 29.15 shall apply to all proceedings wherein sentence is pronounced on or after January 1, 1988. *If sentence is pronounced prior to January 1, 1988, and no prior motion has been filed pursuant to Rule 27.26, a motion under this Rule 29.15 may be filed on or before June 30, 1988. Failure to file a motion on or before June 30, 1988, shall constitute a complete waiver of the right to proceed under this Rule 29.15....*" (Emphasis ours.)

The record before us shows beyond cavil that sentence was pronounced June 26, 1981; in paragraph 10(A) of the postconviction motion, it is specifically averred that no motion to vacate judgment under former Rule 27.26 has been filed; the motion court's docket and the filing stamp shown on the postconviction motion demonstrate it was filed on July 1, 1988. The motion is patently untimely under the provisions of Rule 29.15(m).

The defendant contends that the time limitation imposed by present Rule 29.15(m) is "unconstitutional as [it] foreclose[s] the rights of criminal defendants to effective assistance of counsel and thus deprive[s]

them of due process and a fair trial in violation of the fifth, sixth, and fourteenth amendments to the United States Constitution and Article I, Sections 10 and 18(a) of the Missouri Constitution (1945)."

In a group of appeals which were consolidated and decided May 16, 1989,[1] our Supreme Court addressed and discussed the time limitation incorporated into Rule 29.-15. It concluded that the time limitation contained in Rule 29.15(m) is both valid and mandatory. We are therefore obliged to affirm the dismissal of defendant's motion on the ground of procedural default. It is ordered that a copy of the slip opinion referred to herein be furnished to the parties.

FLANIGAN, P.J., and PREWITT, J., concur.

---

1. *Day v. State*, No. 71357; *Turner v. State*, No. 71358; *McKown v. State*, No. 71359; *Glass v. State*, No. 71360; *Gray, Wade, Houston & Jack-* son *v. State*, No. 71443; *Walker v. State*, No. 71444; *Barnes v. State*, 770 S.W.2d 692 (Mo. banc 1989).