Bill MUDD, Appellant,

v.

STATE of Missouri, Respondent.

No. 16783.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 12, 1990.

Brad B. Baker, Columbia, for appellant.

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for respondent.

HOGAN, Judge.

This is a proceeding for postconviction relief pursuant to Rule 29.15. On November 1, 1984 a jury found William Leslie (Bill) Mudd guilty of one count of kidnapping in violation of § 565.110, RSMo 1978, and five counts of sodomy in violation of § 566.060, RSMo (Cum.Supp.1983). Upon a finding that Mudd (defendant) was a prior and persistent offender, his punishment was fixed at imprisonment for thirty years on each count. It was ordered that the sentences be served consecutively. On direct appeal the judgments and sentences were affirmed. *State v. Mudd,* 703 S.W.2d 63 (Mo.App.1985).

On March 20, 1989, the defendant filed this motion for postconviction relief. Acknowledging that on direct appeal he had previously argued that he was "placed in double jeopardy," see *State v. Mudd,* 703 S.W.2d at 66, defendant reiterated that argument and further maintained that upon trial he was denied due process and equal protection of the law. On October 12, 1989, the motion court heard arguments and dismissed the motion as untimely under the provisions of Rule 29.15(m). The defendant has appealed. We affirm.

In his brief, the defendant acknowledges that the time limits imposed upon petitioners or movants seeking postconviction relief pursuant to Rule 29.15 have been upheld by our Supreme Court in *Day v. State,* 770 S.W.2d 692 (Mo. banc 1989), and by this court in *Ritterbach v. State,* 772 S.W.2d 4 (Mo.App.1989). Nevertheless, counsel argues, because his arguments that the time limits imposed by Rule 29.15(m) "involve meritorious questions of federal constitutional law," he tenders issues already decided adversely to him simply "for the purpose of preservation, *in the event* that a federal court renders a decision contrary to ... *Day.*" (Emphasis supplied.) The defendant further argues that because Rule 29.15 does not provide for an extension of

time to seek relief if good cause be shown, and because it provides the exclusive means for attacking the constitutionality of his detention, Rule 29.15 violates the prohibition against suspension of the writ of habeas corpus found in Mo. Const. Art. I, § 12 (1945). A very similar argument was rejected by our Supreme Court in *White v. State,* 779 S.W.2d 571, 573 (Mo. banc 1989), and we decline to undertake any gloss on that opinion.

The trial court found that the defendant's motion was untimely filed and dismissed it on that ground. It is sufficient to affirm the judgment on that ground. Otherwise, this court is being asked to render an advisory opinion, in part upon grounds which were not advanced in the motion court. Issues not raised in a postconviction motion and not presented to the motion court for determination will not be considered on appeal, *Mallett v. State,* 716 S.W.2d 902, 905 (Mo.App.1986), and as a general principle appellate courts do not render advisory opinions. Cf. *American Fence Co. of Midwest v. Summers,* 719 S.W.2d 496, 498 (Mo.App.1986). The judgment is affirmed.

PARRISH, P.J., and SHRUM, J., concur.