**Ruby SCOTT, Jane Riley, and William Plaskett, Appellants,**

v.

**The ESTATE OF Robert W. EHRMANN and Marlene Braun, Personal Representative, and Marlene Braun, Individually, Respondents.**

No. 68920.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 27, 1996.

Nicholas G. Gasaway, Darrell E. Missey, Hillsboro, for appellants.

Frank K. Carlson, Carlson & Hellmann, Union, for respondents.

SMITH, Presiding Judge.

Plaintiffs appeal from a judgment of the trial court treating their motion for a determination of jurisdiction as a voluntary dismissal of their will contest and dismissing the will contest. The parties agree that the court's judgment was erroneous but differ on the relief to be accorded by this court. We reverse and remand.

The facts are unusual. Robert Ehrmann died on March 2, 1994. On March 30, 1994, defendant Marlene Braun, a friend, filed a will dated February 6, 1994, in the Probate Court, and applied for letters testamentary. Braun was named as personal representative in the will and was the only beneficiary. The application recited there were no known heirs and was supported by an affidavit of an attorney, John Loveless, that after diligent search no heirs had been located. Letters testamentary were issued on April 11, 1994, and the first notice by publication occurred on April 20. The time for filing a will contest expired on October 20, 1994, pursuant to § 473.083.1 RSMo 1994.

On December 15, 1994, Loveless, then representing the estate, wrote the Probate Court. The letter recited that heirs at law had been located, identified them and re-

minded the court that pursuant to § 473.083 these heirs could not file a will contest. The court on the day it received the letter issued a second "Notice of Letters Granted" which purported to extend the time for filing a will contest for sixty days. The notice further stated "this court may not be vested with the power to grant these additional days." The notice was mailed to the three plaintiffs, all of whom resided in states other than Missouri.

■ On February 7, 1995, plaintiffs filed their will contest in Franklin County naming Braun individually and as personal representative of the estate of defendant. On February 23, 1995, plaintiffs also filed a suit in Jefferson County, Braun's county of residence, against Braun and Loveless. That suit sought damages based on fraud, negligence, and tortious interference with an expectancy or inheritance. The premise of liability was the conduct of Braun and Loveless in preventing plaintiffs from challenging the will in timely fashion in Franklin County.[1] Defendants in the Jefferson County suit moved to dismiss that action on the basis a suit was pending in Franklin County based on the same acts and omissions.

Plaintiffs then filed in the will contest a "Motion/Suggestions to the Court to Determine Subject Matter Jurisdiction". That document set forth the procedural history of the case, outlined above, and as its prayer stated: "plaintiffs both suggest and move the Court to determine, pursuant to Supreme Court Rule 55.27(g)(3), whether or not this Court has or lacks subject matter jurisdiction of this will contest action filed pursuant to the provisions of Section 473.083 RSMo." Both parties briefed the issue of jurisdiction. Plaintiffs' position basically was that no authority existed for the filing of a will contest after the six month deadline and the court lacked jurisdiction over the will contest. Defendants took the position that § 473.083 is unconstitutional to the extent it precludes

plaintiffs from filing a will contest where the only notice given prior to lapse of the six month limitation period was by publication. Defendants relied upon *Tulsa Professional Collection Services v. Pope,* 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988). Plaintiffs contended that the *Pope* case did not invalidate the Missouri statute.

The trial court entered a docket entry "Pl's actions tantamount to voluntary dismissal; cause dismissed at pl's costs." Upon motion for reconsideration and new trial the court entered a judgment decreeing that its previous minute entry order be considered a "judgment" pursuant to Rule 74.01(a), and denying the motions for reconsideration and new trial. This appeal followed.

■ The parties are in agreement that the trial court erred in treating plaintiffs' motion as a voluntary dismissal. We also agree. The motion stated that it was requesting the court to determine whether or not it had jurisdiction of the will contest and specifically referenced Rule 55.27(g)(3). That rule provides for suggestion of a lack of subject matter jurisdiction by a party and, if such jurisdiction appears to be absent, for dismissal. Plaintiffs' motion was a suggestion of the possibility of the absence of subject matter jurisdiction as provided in the rule. The motion was not tantamount to a voluntary dismissal; it requested a judicial decision. Further, there are only three ways in which a will contest may be disposed of, i.e. by trial to a jury or the court (§ 473.083.7), by settlement (§ 473.084–.085), or by voluntary dismissal with the consent of all parties not in default (§ 473.083.8). The defendants in this case have never consented to dismissal and do not now consent to dismissal. The trial court erred in treating plaintiffs' motion as a voluntary dismissal.

■ The case must be remanded. The parties take differing positions on what further actions this court should take. Plaintiffs seek to have us determine the question of jurisdiction including the merits of defen-

---

1. Tortious interference with inheritance claims are precluded if a will contest would have provided the plaintiff with full and adequate relief. *McMullin v. Borgers,* 761 S.W.2d 718, 720 (Mo.

App.1988) [2]; *Brandin v. Brandin,* —— S.W.2d —— (E.D. No. 68211, Jan. 23, 1996). That doctrine explains the reversal of the parties positions from what would normally be expected.

dants' contention that the statute as applied to this case is unconstitutional. We lack that authority. Art. V, Sec. 3 of the Constitution of Missouri provides that the Supreme Court has exclusive appellate jurisdiction in all cases involving the validity of a statute of Missouri.

▮ Additionally, the *Pope* case, upon which defendants premise their contention of unconstitutionality, requires notice by means other than publication for known or "reasonably ascertainable" creditors. If that standard also applies to heirs, as defendants contend, it applies in this case only if plaintiffs are known or "reasonably ascertainable" heirs. In their answer the defendants pled ignorance of the status of plaintiffs as heirs and therefore denied the allegation of heirship. While in their brief here they state they will stipulate that plaintiffs are "reasonably ascertainable" heirs, the plaintiffs have not in this case made a similar stipulation. We seriously question that defendants would make a similar stipulation in the Jefferson County suit. Given the inverted posture of this litigation it cannot be said as a matter of law, on the record before us, that plaintiffs are heirs or, if they are heirs, that they were known or "reasonably ascertainable" heirs prior to the time the limitations for filing a will contest ran. Until the status of plaintiffs is factually decided a court cannot address the applicability of *Pope* to the issue of jurisdiction. For us to decide here on the effect of *Pope* on Missouri law, when its applicability to this case has not been determined, would be to give an advisory opinion, which we are not authorized to do. *Wasinger v. Labor and Industrial Relations Commission*, 701 S.W.2d 793 (Mo.App.1985) [1, 2]. The issue of subject matter jurisdiction is before the trial court by plaintiffs' motion. That issue should be determined by the trial court and the matter proceed from there.

Judgment reversed and cause remanded for further proceedings.

GARY M. GAERTNER and RHODES RUSSELL, JJ., concur.